No. 82-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

MARIAN HAUGEN TRUST and
MARIAN HAUGEN, TRUSTEE,

                Plaintiff and Respondent,

vs.

MAURICE A. WARNER, JR., and
MARLENE R. WARNER, husband and wife,

                Defendants, Third Party
                Plaintiffs and Appellants,

vs.

LAWRENCE E. WALKER and
DARLENE E. WALKER, husband
and wife, JACK HUME and
MIDDLE CREEK MEADOWS, INC.,

                Third Party Defendants
                and Respondents.

---

Appeal from:  District Court of the Eighteenth Judicial District,
             In and for the County of Gallatin
             Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Kirwan & Barrett, Bozeman, Montana
        Berg, Coil, Stokes & Tollefsen, Bozeman  Montana

    For Respondents:

        Landoee, Brown, Planalp, Kommers & Lineberger, Bozeman, Montana

    For Third Party Respondents:

        Moore, Rice, O'Connell & Refling, Bozeman, Montana

---

                Submitted On Briefs: April 21, 1983

                      Decided: June 30, 1983

Filed: JUN 3 0 1983

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The District Court of the Eighteenth Judicial District issued an order September 13, 1982, dismissing an amended third party complaint against Jack Hume and Middle Creek Meadows. The order also denied third party plaintiffs, Warners, leave to again amend their amended third party complaint. Warners now appeal from that order. We reverse the judgment of the District Court.

Jack Hume and Middle Creeek Meadows, Inc., third party defendants, are the developers of Middle Creek Meadows Subdivision in Gallatin County, Montana. The subdivision includes three ponds constructed by the developers primarily for aesthetic purposes. Pond three is the only one currently used for irrigation.

Plaintiff Haugen, defendants and third party plaintiffs, Warners and third party defendants, Walkers own property in Middle Creek Meadows Subdivision.

Warners' basement was damaged by flooding in 1978 and 1979. They believed the flooding to be caused by leakage of water from ponds one and two. In July of 1979, Warners began to monitor the relationship between the depth of the water in their sump hole and the depth of the water in the ponds. After finding a definite correlation, Warners partially blocked the flow of water into the ponds during the summers of 1979, 1980 and 1981.

The obstruction of water flow into the ponds allegedly caused the water remaining to become stagnant. Mosquitoes and other insects began gathering near the ponds. Haugen's home is next to one of the ponds. He filed a complaint July 7, 1981, against Warners for creating a nuisance. Warners filed an answer October 2, 1981.

2

In 1982, Walkers asserted a right to the pond water and claimed that Warners' obstruction of the flow of water into the ponds deprived them of use of the water. On July 8, 1982, Walkers removed the culvert cap placed by Warners to obstruct the flow of water to ponds one and two. Warners' basement again flooded.

On July 9, 1982, Warners filed a third party complaint against Walkers, seeking a permanent injunction enjoining and restraining Walkers from interfering with Warners' attempt to control the flow of waters into the ponds. The third party complaint alleged further that Walkers have negligently and recklessly constructed, used and maintained the ponds and that Walkers' use and maintenance of the ponds have created a nuisance. Walkers filed a motion to dismiss on July 14, 1982.

A July 19, 1982 District Court order combined the actions and set the entire cause for trial on the merits on August 26, 1982.

Warners filed an amended third party complaint August 2, 1982, adding Jack Hume and Middle Creek Meadows, Inc., as third party defendants. Hume and Middle Creek filed a motion to dismiss the third party complaint against them on August 23, 1982, alleging that the action was barred by the statute of limitations. The statute of limitations is two years. Section 27-2-207, MCA. The complaint was filed in 1982, but only alleged damages for the years 1978 and 1979.

Immediately prior to the September 2, 1982, hearing on Hume's and Middle Creek's motion to dismiss, Warners filed, without leave of court, a second amended third party complaint alleging damages in 1982. Third party defendants' motion was granted September 13, 1982, without leave to amend.

3

Warners now appeal that order. The trial on the merits as well as a hearing on a motion for summary judgment have been vacated and continued pending resolution of this appeal. The issues presented to this Court by Warners are:

1. Was leave of court necessary to amend the third party complaint?

2. Is third party plaintiffs' action barred by the statute of limitations?

3. Are third party plaintiffs entitled to punitive damages?

Leave of court was required before Warners could file a second amended third party complaint. Rule 15(a), M.R.Civ.P., states in relevant part:

> "Amendments. A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

This rule does not allow one amendment as a matter of course per defendant. Rather, it allows one amendment as a matter of course per pleading. Any other interpretation would violate the purposes for the rule, to prevent poor pleadings and to discourage harassment of the defendant. Wright, Federal Practice and Procedure, Chapter 4, §1480, p. 405.

The original third party complaint was amended once, prior to any responsive pleadings, to add Jack Hume and Middle Creek Meadows, Inc., as third party defendants. Leave of court was required before it could be amended again, regardless how many of the amendments affected Jack Hume and Middle Creek Meadows.

4

However, the trial court judge clearly abused his discretion when he denied Warners the opportunity to amend their third party complaint for the second time. Warners failure to allege damages in 1982 was obviously inadvertent. Leave of court to amend a complaint in order to correct a mistake should be freely given when the amendment will not mislead defendants to their prejudice. Besse v. McHenry (1931), 89 Mont. 520, 300 P. 199. The amendment presents no new cause of action, nor does it mislead third party defendants.

To deny Warners their day in court because of an inadvertent mistake is tantamount to denying Warners justice. Refusal to permit an amendment to a complaint which should be made in furtherance of justice is an abuse of discretion. State ex rel. Gold Creek Mining Co. v. District Court (1935), 99 Mont. 33, 37, 43 P.2d 249, 250.

Apparently, the trial court judge's reason for denying leave to amend the complaint was the supposed futility of the amendment. However, the amendment is not futile because Warners' action against the third party defendants is not barred by the statute of limitations. Even without specific allegations of damages in 1982, Warners' amended third party complaint alleges negligence in 1982 – the negligent maintenance of the reservoir ponds. Whether that negligence caused any recoverable damages is a question of fact to be decided at a trial on the merits.

Jack Hume and Middle Creek Meadows, Inc. allege that the statute of limitations should have begun to run in 1978 because that was when the flooding caused permanent injury. " . . . for permanent injury the statute runs from the time the injury becomes complete to the land's use and enjoyment."

Nelson v. C & C Plywood Corp. (1970), 154 Mont. 414, 433, 465 P.2d 314, 324.

A permanent injury is one where the situation has "stabilized" and the permanent damage is "reasonably certain". Blasdel v. Montana Power Co. (1982), _____ Mont. _____, 640 P.2d 889, 39 St.Rep. 219. The situation in the instant case has not stabilized. Warners' basement continues to periodically flood, allegedly whenever the ponds are allowed to be filled with water from the in-flowing creeks. The extent of the damages to the basement varies from occurrence to occurrence, depending on the level of the water in the basement and the condition of the basement at the time of each flood.

Further, the nuisance is apparently abatable, as illustrated by the fact that when the water flow from the creeks was blocked in 1980 and 1981, the basement did not flood. Allegedly, the developers could have abated the nuisance themselves through corrective action. That remains a determination to be made at trial. If the flooding is terminable, it cannot be deemed a permanent nuisance. See Harrisonville v. W.S. Dickey Clay Mfg. Co. (1933), 289 U.S. 334, 53 S.Ct 602, 77 L.Ed. 1208, where the Supreme Court held that where the pollution of a creek was terminable, it could not be deemed a permanent nuisance from the time the nuisance was created.

The damage is not yet permanent. Therefore, the nuisance is of a temporary and continuous character and gives rise to a separate cause of action each time it causes damage. 39 Am. Jur., Nuisance, §141, p. 403, and quoted in Nelson, 154 Mont. at p. 434, 465 P.2d at pp. 324-325.

The applicable statute of limitations is two years. Section 27-2-207, MCA. The Warners may be able to recover

damages for injuries suffered two years prior to the date of their original third party complaint, July 9, 1982, if such damages are proven at trial.

Finally, this Court has no jurisdiction over issue number three, whether Warners are entitled to punitive damages from Hume and Middle Creek Meadows. The appeal of that issue is premature as there has been no trial on actual damages.

The September 13, 1982, order of the District Court is reversed and Warners are granted leave to amend their amended third party complaint. This matter is remanded to the District Court for trial on the merits, consistent with this opinion.

                                                   Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7