No.   91-006

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

HOBBLE-DIAMOND CATTLE COMPANY, a Montana Corporation,

      Plaintiff and Appellant,

  -vs-

TRIANGLE IRRIGATION COMPANY, a Montana Corporation,

      Defendant and Respondent.

**FILED**

AUG 15 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Sweet Grass,
The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Charles A. Murray, Jr., and Christopher P. Thimsen,
Attorneys at Law; Billings, Montana.

      For Respondent:

          James E. Aiken; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana.


                Submitted on briefs:  July 11, 1991

                        Decided:  August 15, 1991

Filed:

                             Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiff Hobble-Diamond Cattle Company (Hobble-Diamond) appeals the order of the Sixth Judicial District Court, Sweetgrass County, denying Hobble-Diamond leave to amend its complaint in its lawsuit against the defendant Triangle Irrigation Company (Triangle). The District Court denied the motion on the grounds that it was untimely and it would impeach the plaintiff's principal's deposition testimony. The sole issue on appeal is whether the District Court abused its discretion in denying Hobble-Diamond's motion to amend its complaint and the pretrial order, and, if so, whether such error was harmless. We reverse and remand.

On January 2, 1986, Hobble-Diamond filed a complaint against Triangle seeking damages allegedly sustained as the result of deficiencies in the design, installation, and repair of a pivot sprinkler system at the plaintiff's ranch property. Trial was held on July 19, 1989, and the court entered its Findings of Fact and Conclusions of Law against Hobble-Diamond on all issues on November 16, 1990.

Hobble-Diamond's complaint alleges damages resulting from the malfunction of two main components in the irrigation system installed by Triangle, namely irrigation pivot nos. 3 and 6. The complaint does not allege any damages arising from the malfunction of pivot no. 5. In his deposition taken February 13, 1987, Hobble-Diamond's principal, "Monty" Kimble gave the following testimony regarding pivot no. 5:

2

Q. Mr. Kimble, directing your attention to pivot No. 5. Are you claiming to have had some problems with surging and with the pump on Pivot No. 5?

A. That was a problem that we had for some time, yes. It was--I'm going to say it probably went on for almost the full season of '84.

Q. Describe for me those problems.

A. Well, I'm not an engineer, so -- hydraulic engineer, so I don't really know the cause of it.

Q. I just want to know what you perceive the problem to have been.

A. The water would surge, and the pump -- The pivots would stop. We had a surge, and I understand the surge was because the pump wasn't adequate.

Q. And according to the contract, Pump No. 5 was rated a thousand gallons per minutes; is that correct?

A. I believe so.

Q. Has that pump ever been changed?

A. Pump has not been changed, but the nozzles, unbenounced [sic] to me, with one of Triangle's or whatever the case may be, employees. His name is Blain -- I don't know his last name.

. . .

Q. Leninger [sic].

A. He stated to me that in order to stop the pump from surging, that they lowered the capacity of the nozzles.

Q. And did that take care of the problem?

A. Yeah, I haven't had any problem since that has been done, and I really don't know when it was done. It was done unbenounced [sic] to me.

Q. But it was done by Triangle personnel, to the best of your recollection, --

A. Yes.

Q. or their predecessor.

A. Yes.

Q. Are you claiming to sustain any crop loss of any sort with respect to the surge in the season of 1985?

A. No, my claim is, we had to spend a lot of time there.

Q. My inquiry must be directed to what, if any, amount of money damages are you claiming as a result of --

A. I don't think I am

Q. You're not claiming anything . . .

Prior to trial, Hobble-Diamond filed two motions to amend its pleadings. On January 11, 1989, some twenty-three months after Kimble was deposed and one week prior to the original trial date,

3

Hobble-Diamond moved to amend its complaint to include crop loss under pivot no. 5. Hobble-Diamond alleges that at this time it became aware of damages resulting from problems with this system. That month Hobble-Diamond received two reports---the first prepared by Triangle's employee, Mr. Lininger, the second prepared by an independent engineering consultant---discussing the inadequacies associated with pivot no. 5 of the system. On January 19, 1989 the District Court denied this first motion and continued the trial date to July 19, 1989. On March 3, 1989, Hobble-Diamond again moved to amend its complaint to allege crop loss due to pivot no. 5. Along with this motion, Hobble-Diamond filed the affidavit of Kimble, alleging that he had believed low crop yields in the vicinity of pivot no. 5 had been due to factors other than inadequate watering but now believed--based on the reports--that the reduced yields were directly a result of the inadequate system. The reports were filed as exhibits to the affidavit. The District Court denied the motion on the grounds that it was (1) untimely and (2) it would impeach Kimble's deposition testimony. Hobble-Diamond only appeals the order of the District Court denying its second motion to amend.

Rule 15(a), M.R.Civ.P. controls amendments to pleadings. It provides in pertinent part:

> **Rule 15(a). Amendments.** A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. <u>Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse</u>

4

party; and leave shall be freely given when justice so requires. . . . (Emphasis added.)

We have interpreted the Rule liberally, allowing amendment of pleadings as the general rule and denying leave to amend as the exception. Priest v. Taylor (1987), 227 Mont. 370, 377-78, 740 P.2d 648, 653.

Although leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief, it is an abuse of discretion to deny leave to amend where it cannot be said that the pleader can develop no set of facts under its proposed amendment that would entitle the pleader to the relief sought. Letizia v. Prudential Bache Securities, Inc. (9th Cir. 1986), 802 F.2d 1185, 1189 (construing the nearly identical Federal Rule). Here, Hobble-Diamond supported its motion to amend with evidence that it had new information available to it regarding possible crop loss due to an inadequate pivot no. 5. To what extent the proposed amendment would impeach Kimble's prior deposition testimony is relevant to his credibility as a witness rather than the merits of the amendment. Generally, the merits of a proposed amended claim are not to be considered, unless the claim is frivolous, meritless, or futile. Davis v. Coler (N.D. Ill. 1984), 601 F. Supp. 444, 447. Hobble-Diamond was precluded from introducing evidence--including the engineering reports--at trial regarding pivot no. 5. We cannot determine, based on the record developed at trial, whether the amendment was frivolous, meritless, or futile.

Furthermore, "[l]eave of court to amend a complaint in order

5

to correct a mistake should be freely given when the amendment will not mislead defendants to their prejudice." Haugen Trust v. Warner (1983), 204 Mont. 508, 512, 665 P.2d 1132, 1135. In Haugen Trust, the defendants inadvertently failed to allege damages for a particular year in their third party complaint. The District Court denied the defendants leave to amend, and this Court reversed holding that such denial was an abuse of discretion. Haugen Trust, 665 P.2d at 1135. While in this case the mistake was not inadvertent, it appears to have been based on a lack of information that later became available to Hobble-Diamond regarding the specific inadequacies of pivot no. 5. The District Court denied the first motion on January 19, 1989, and in the same order continued the trial date until July 19. Hobble-Diamond filed its second motion on March 3, some four months prior to the re-scheduled trial date. If the amendment were granted, defendants would have had sufficient time to conduct additional discovery, and would not have been prejudiced by the amendment.

"Refusal to permit an amendment to a complaint which should be made in the furtherance of justice is an abuse of discretion." Haugen Trust, 665 P.2d at 1135. We hold that the District Court abused its discretion in denying Hobble-Diamond leave to amend its complaint. Furthermore, we see no merit in Triangle's contention that the error was harmless. Hobble-Diamond was precluded from asserting a cause of action based on inadequacies in pivot no. 5, and suffered obvious prejudice due to the District Court's order.

The order of the District Court is **REVERSED** and the cause

6

**REMANDED** for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

August 15, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Charles A. Murray, Jr., Esq.
Christopher P. Thimsen, Esq.
2812 First Ave. No., Ste. 210
Billings, MT  59101

James E. Aiken, Esq.
Jardine, Stephenson, Blewett & Weaver
P.O. Box 2269
Great Falls, MT  59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
         Deputy