No. 98-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 43

FIRST SECURITY BANK OF MISSOULA, a Montana banking corporation,

Plaintiff and Respondent,

v.

RANCH RECOVERY LIMITED LIABILITY COMPANY, a Wyoming Limited Liability Co.,

Defendant and Appellant,

and

JOHN HAYDER, JR., MICHELLE F. HAYDER, JOHNEA P. LEINAN, JOHN LEINAN,

individually, as partners of H & L PROPERTIES and shareholders of Quinn's Paradise

Resort, Inc., H & L PROPERTIES, a Montana partnership; QUINN'S PARADISE

RESORT, INC., a Montana corporation; SMALL BUSINESS ADMINISTRATION,

an agency of the United States; WILLIAM O. GRAVES and KORI L. GRAVES;

WILLIAM M. TRIPLETT, d/b/a HOT SPRINGS PLUMBING AND HEATING,

a Montana corporation, POLSON READY MIX CONCRETE, INC., a Montana

corporation; WOODY'S BIG SKY SUPPLY, INC., a Montana corporation; and

STATE OF MONTANA, DEPARTMENT OF REVENUE,

Defendants,

_____

WOODY'S BIG SKY, INC.,

Cross-Plaintiff,

v.

RANCH RECOVERY LIMITED LIABILITY COMPANY, a Wyoming limited liability

company; H & L PROPERTIES, a partnership; JOHN A. HAYDER, JR., MICHELLE F.

HAYDER, JOHN J. LEINAN and JOHNEA P. LEINAN, individually and as partners

of H & L PROPERTIES, a partnership, POLSON READY MIX CONCRETE, INC.;

WILLIAM M. TRIPLETT, d/b/a HOT SPRINGS PLUMBING AND HEATING;

and all other persons unknown, claiming or who might claim any right, title, estate or

interest in or lien or encumbrance upon the real property described in the construction

lien, being the subject of the cross-claim of WOODY'S BIG SKY SUPPLY, INC.,

Cross-claim Defendants,

_____

RANCH RECOVERY LIMITED LIABILITY COMPANY, a Wyoming limited liability company,

Counter-Plaintiff and Cross-Plaintiff,

v.

FIRST SECURITY BANK OF MISSOULA,

Counter-Defendant,

and

JOHN HAYDER, JR., MICHELLE F. HAYDER, JOHNEA P. LEINAN, JOHN LEINAN, H & L PROPERTIES, QUINN'S PARADISE RESORT, INC., SMALL BUSINESS ADMINISTRATION, WILLIAM O. GRAVES, KORI L. GRAVES, WILLIAM M. TRIPLETT, d/b/a HOT SPRINGS PLUMBING AND HEATING, POLSON READY MIX CONCRETE, INC., WOODY'S BIG SKY SUPPLY, INC., and STATE OF MONTANA, DEPARTMENT OF REVENUE,

Cross-Defendants.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

W. Arthur Graham; Sullivan & Tabaracci; Missoula, Montana

For Respondent:

Christopher B. Swartley and Susan G. Ridgeway; Datsopoulos,

MacDonald & Lind, P.C.; Missoula, Montana

Submitted on Briefs: August 13, 1998

Decided: March 16, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. First Security Bank of Missoula commenced this action in the District Court for the Twentieth Judicial District in Sanders County, to foreclose a mortgage given by H&L Properties to secure a $450,000 loan. Defendant Ranch Recovery, LLC, is the assignee of the vendor's interest in the subject property. H&L Properties is the vendee. The District Court granted First Security's motion for summary judgment. Ranch Recovery appeals from the District Court's "order on sale on decree of foreclosure," from the final judgment, from the denial of its motion for relief from judgment based upon newly discovered evidence, and from denial of its motion to amend its counterclaim. We reverse the judgment of the District Court and remand for further proceedings.**

**¶2. There are three issues on appeal:**

**¶3. 1. Did the District Court err when it denied Ranch Recovery's Rule 60(b) motion?**

**¶4. 2. Did the District Court err when it denied Ranch Recovery's motion to amend its counterclaim?**

**¶5. 3. Did the District Court err when it concluded that First Security Bank was entitled to summary judgment?**

## FACTUAL BACKGROUND

**¶6. This case arises from the transfer of a business and real property located in Sanders County, known as Quinn's Natural Hot Springs Resort. In December 1988, the resort was sold by its owners to two couples: John and Johnea Leinan, and**

Michelle and John Hayder, Jr. The conveyance was accomplished through several different agreements, and only those relevant to this appeal will be described here.

¶7. The real property on which the resort is situated was conveyed by contract for deed from the original owners to H&L Properties, a partnership entity created by the Leinans and the Hayders. The two couples also formed a corporation, which operated the resort and which received the proceeds of a loan guaranteed by H&L's real property. Because the distinctions between these entities and their principals are unimportant to our decision, this opinion will not distinguish between the entities and will refer to the two couples, the partnership, and the corporation, only as "H&L."

¶8. H&L financed the purchase of the resort, including the initial $450,000 payment on the contract for deed, through a business loan from First Security. This loan was eighty-five percent guaranteed by the Small Business Administration and secured by, among other things, a mortgage of H&L's interest in the real property. The existence of the bank's security interest in the real property and the relationship of its security interest to the underlying contract for deed were reflected in the real property agreement as follows:

The parties shall further understand and agree that in the event of BUYER's default under the First Security Loan, SELLER herein shall be secondarily responsible for such defaults and responsible for that First Security Loan; and First Security Bank shall have the right to foreclose on its loan directly against SELLER herein, as well as BUYER's interest as purchasers under this contract, and to assert against SELLER any rights the bank could assert against BUYER in that foreclosure proceeding or any proceeding to enforce this loan agreement.

¶9. Before the SBA would guarantee the loan, it required First Security, H&L, and the original vendors to enter into a "standby agreement," which set forth limitations on the vendors' right to receive payments or retake title to the property, and pursuant to which the vendors' interest in the contract for deed would be essentially subordinated to the bank's security interest. The standby agreement was incorporated by reference into the contract for deed and stated that, pursuant to SBA authorization requirements, in the event of H&L's default or a determination by the bank that H&L was a substantial financial risk, the vendors could not accept any payments on the contract for deed, nor take any action to enforce their claims,

without the written consent of the bank. The standby agreement also required that any property received by the sellers following a default be delivered to First Security.

¶10. In March 1996, the vendors assigned their remaining interest in the contract for deed to Ranch Recovery. H&L subsequently defaulted on the bank loan, and First Security instituted foreclosure proceedings. The District Court awarded summary judgment in favor of the bank, whereupon Ranch Recovery moved for reconsideration and for permission to amend its counterclaim based upon "newly discovered evidence," which had come to light during the summary judgment hearing.

¶11. The newly discovered evidence consisted of SBA authorization documents which Ranch Recovery alleged were incorporated by reference into the standby agreement and, thus, into the contract for deed, as well as privileged information from H&L's bank accounts, which it had been unable to obtain prior to the entry of summary judgment.

¶12. The SBA documents set forth the terms pursuant to which First Security was required to distribute the loan proceeds. Ranch Recovery's proposed amended counterclaim alleged that First Security did not comply with the terms of the authorization, as evidenced by certain overdrafts and deposits to the vendee's accounts, and thereby committed a breach of the standby agreement and a breach of the covenant of good faith and fair dealing. Because of factual issues raised by these claims, Ranch Recovery contends that summary judgment was inappropriate.

¶13. In March 1998, the District Court denied Ranch Recovery's motions and entered final judgment pursuant to Rule 54(b), M.R.Civ.P. This appeal followed.

ISSUE 1

¶14. Did the District Court err when it denied Ranch Recovery's Rule 60(b) motion?

¶15. We review a District Court's decision to grant or deny a new trial based upon newly discovered evidence for a manifest abuse of discretion. *See Fjelstad v. State* (1994), 267 Mont. 211, 220, 883 P.2d 106, 111.

¶16. Rule 60(b), M.R.Civ.P., provides:

On such motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . .

**¶17. Moreover, factors which must be considered by the district court include whether:**

1. The alleged "newly discovered" evidence came to a party's knowledge after the trial;

2. It was not a want of diligence which precluded its earlier discovery;

3. The materiality of the evidence is so great it would probably produce a different result on retrial; and

4. The alleged "new evidence" is not merely cumulative, and not tending to impeach or discredit witnesses in the case.

*Fjelstad*, 267 Mont. at 220-21, 883 P.2d at 111-12.

**¶18. The District Court concluded that, had Ranch Recovery exercised due diligence, it could have discovered the evidence on which it based its Rule 60(b) motion prior to the entry of judgment.**

**¶19. The bank points out that Ranch Recovery could have obtained the newly discovered evidence prior to entry of summary judgment through the discovery process, and argues that the failure to do so constitutes a lack of due diligence for which its motion must fail.**

**¶20. Ranch Recovery's manager stated by affidavit that he attempted, but was unable, to informally obtain the privileged loan documents and bank account information from H&L prior to the entry of summary judgment.**

¶21. Here, judgment was the result of a summary proceeding, and not the result of a trial on the merits. Upon review, in fact, the record indicates that First Security's motion for summary judgment was filed before Ranch Recovery had even filed its answer and counterclaim. We can find no indication from the record that any formal discovery was conducted. Because *summary judgment* was entered before Ranch Recovery had an opportunity to conduct any meaningful discovery, it would be unjust to characterize the failure to discover this particular evidence as a failure to exercise due diligence for the discovery and presentation of the evidence at *trial*. Therefore, we hold that based on the circumstances of this case, Ranch Recovery met its burden of establishing that the newly discovered evidence was not "newly discovered" for lack of diligence. Accordingly, we hold that the District Court abused its discretion when it refused to consider Ranch Recovery's evidence in support of its Rule 60(b) motion.

¶22. The Ninth Circuit of the United States Court of Appeals reached a similar conclusion interpreting Rule 60(b), Fed.R.Civ.P., which is identical to the Montana rule, in a case in which a party sought relief from a default judgment. The court held that "where timely relief is sought . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion so that cases may be decided on their merits." *See Gregorian v. Izvestia* (9th Cir. 1989), 871 F.2d 1515, 1526. Unlike a default judgment, summary judgment proceedings normally involve the resolution of cases on their merits; however, the principle from *Gregorian* is still applicable to the instant case, particularly in light of the fact that summary judgment was entered very early in the development of the facts and issues.

ISSUE 2

¶23. Did the District Court err when it denied Ranch Recovery's motion to amend its counterclaim?

¶24. We review a district court's denial of a party's motion to amend the pleadings pursuant to an abuse of discretion standard. *See Peuse v. Malkuch* (1996), 275 Mont. 221, 226-27, 911 P.2d 1153, 1156. Rule 15(a), M.R.Civ.P., provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and <u>leave shall be freely given when justice so requires</u>." (Emphasis added.)

¶25. In this case, Ranch Recovery moved for leave to amend its counterclaim after the entry of summary judgment and after obtaining newly discovered evidence. Ranch Recovery contends that justice requires amendment of the pleadings to address the new counterclaims, while First Security contends that it would be unfairly prejudiced if Ranch Recovery is allowed to amend the pleadings after the entry of judgment.

¶26. While favored, amendment can be inappropriate when the party opposing the amendment would incur substantial prejudice as a result of the amendment. *See Peuse*, 275 Mont. at 227, 911 P.2d at 1156. In *Peuse*, the defendants sought leave to amend their answer after a motion for summary judgment was made and more than two years after the original pleadings were filed, to reflect claims of which they had knowledge much earlier. The analysis of whether justice requires leave to amend is essentially an equitable one, and the defendants in *Peuse* fell victim to the following maxim: *Vigilantibus non dormientibus aequitas subvenit*, or "equity aids the vigilant, not those who sleep on their rights."

¶27. In this case, Ranch Recovery sought leave to amend its counterclaim as soon as newly discovered evidence came to light. We conclude that the interests of justice and judicial efficiency favor the amendment of Ranch Recovery's pleadings so that all claims arising from the same transaction may be resolved in the same action. This policy, which underlies the rules of civil procedure, outweighs any prejudice to the bank. Therefore, we conclude that the District Court abused its discretion when it failed to allow Ranch Recovery to amend its counterclaim.

¶28. First Security also contends that Ranch Recovery is not the real party in interest and, therefore, that it should not be entitled to assert its proposed counterclaims. The bank argues that Ranch Recovery's proposed counterclaims sought to allege causes of action which could only be brought by the original vendors who were parties to the standby agreement. Therefore, it argues, Ranch Recovery did not have a right to prosecute its proposed counterclaims.

¶29. In support of its contention, First Security cites *Hollingsworth v. Satterwhite* (Colo. App. 1986), 723 P.2d 169, for the proposition that "a real party in interest is a party who, by the substantive law, has the right sought to be enforced." *See Hollingsworth*, 723 P.2d at 170. However, this proposition would appear to support the conclusion that Ranch Recovery is the proper party to plead the proposed

counterclaims.

¶30. Rule 17, M.R.Civ.P., requires the prosecution of actions in the name of the real party in interest. It provides that "a party with whom or in whose name a contract has been made for the benefit of another, or . . . [who is] authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."

¶31. Ranch Recovery's proposed counterclaims were for breach of the standby agreement, breach of the covenant of good faith and fair dealing, and constructive fraud by the bank related to the loan. Ranch Recovery is the assignee of the vendors' interest in the contract for deed and, thus, the assignee of a signatory to all of the sale agreements, including the standby agreement and the loan authorization documents incorporated by reference.

¶32. This Court has previously held that "every contract, regardless of type, contains an implied covenant of good faith and fair dealing. A breach of the covenant is a breach of contract." *Story v. City of Bozeman* (1990), 242 Mont. 436, 450, 791 P.2d 767, 775. If Ranch Recovery, as the assignee of the vendors' interest in the contract for deed, is, as First Security alleges, the proper party against which the bank may enforce the provisions of the standby agreement, then it must necessarily be the real party in interest for the purpose of asserting defenses and counterclaims based upon the same contract. As the successor to the vendors' interest in the agreement, Ranch Recovery assumed not just the vendors' obligations, but also inherited the vendors' rights. It is therefore the real party in interest for the purpose of asserting those rights.

¶33. Finally, First Security contends Ranch Recovery was properly denied leave to amend because its counterclaims are barred by the applicable statutes of limitation. The bank characterized the claims as "bad faith, fraud, and unconscionable circumstances" and as "claims . . . founded neither 'upon an instrument in writing' nor upon 'a contract, account, or promise.'" It therefore argues that the applicable limitation periods are those for tort and fraud claims. We disagree.

¶34. Section 27-2-202(1), MCA, provides that "[t]he period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years." Ranch Recovery's claims are based upon

the underlying contract for deed and the standby agreement, both of which are written contracts.

¶35. More importantly, because Ranch Recovery's claims are counterclaims arising from the same written contract from which First Security asserts its right to foreclose and to priority, Ranch Recovery is entitled to assert those claims notwithstanding any applicable limitation periods. Section 27-2-408(1), MCA, provides that the period of limitation is extended, and "[a] defendant is entitled to assert against a plaintiff, by pleading or amendment, any counterclaim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against him." Because Ranch Recovery's counterclaims arise out of the same transaction as First Security's foreclosure action, we conclude that the District Court erred when it found that the counterclaims were barred by the applicable statutes of limitation. We furthermore conclude that the District Court abused its discretion when it denied Ranch Recovery's motion to amend its answer.

ISSUE 3

¶36. Did the District Court err when it concluded that First Security Bank was entitled to summary judgment?

¶37. The District Court entered summary judgment in favor of First Security pursuant to Rule 56(c), M.R.Civ.P., based upon the court's conclusion that no genuine issue of material fact existed and the bank was entitled to judgment as a matter of law.

¶38. We review a district court's entry of summary judgment *de novo*. *See Motaire v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court's award of summary judgment, we apply the same analysis as the district court based upon Rule 56:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal

determinations made by a district court as to whether the court erred.

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903 (citations omitted).

**¶39. The newly discovered evidence which Ranch Recovery has offered, and should have been allowed to present in support of an amended counterclaim, raises genuine issues of fact regarding First Security's compliance with the standby agreement upon which it relies for foreclosure against Ranch Recovery's interest and, therefore, we conclude that summary judgment was inappropriate.**

**¶40. Ranch Recovery raises two additional arguments on appeal. It contends that a mortgagee of a vendee's interest in a contract for deed cannot obtain a lien superior to the vendor's interest, absent an assignment or mortgage of the vendor's interest, and that the purported subordination language of the agreement violates § 28-2-708, MCA. Because we reverse the judgment of the District Court on other grounds, resolution of those issues is unnecessary to our decision and we decline to address the arguments at this time.**

**¶41. Accordingly, we reverse the judgment of the District Court and remand this case for proceedings consistent with this opinion.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

No

/S/ W. WILLIAM LEAPHART