No. 99-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 21

298 Mont. 141

995 P. 2d 420

---

CAROL STUNDAL,

Petitioner/Appellant,

v.

FRANCIS EARL STUNDAL,

Respondent/Appellee.

---

APPEAL FROM: District Court of the Fifteenth Judicial District,

In and for the County of Sheridan,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin J. Chapman, McKennett, Stenehjem, Reierson, Forsberg & Chapman, Williston, North Dakota

For Respondent:

Loren J. O'Toole II, O'Toole & O'Toole, Plentywood, Montana

---

Submitted on Briefs: January 6, 2000

Decided: January 27, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1.Carol Stundal (Carol) appeals from the order of the District Court of the Fifteenth Judicial District, Sheridan County, dated June 8, 1999, denying her motion to amend her Petition for Dissolution of Marriage. The amendment would have requested that her husband, Francis Earl Stundal (Francis), be required to pay spousal support. We affirm.

## BACKGROUND

¶2.Carol filed her petition for dissolution on February 13, 1997. At the time she filed for dissolution she worked as a customs inspector, earning approximately $40,000 per year. Approximately six months after she filed her petition for dissolution, in August 1997, Carol opted for early retirement. Carol's husband, Francis, was employed by the United States Border Patrol.

¶3.The record indicates that from the date of Carol filing her petition for dissolution, February 13, 1997, virtually nothing was accomplished towards prosecuting the petition until January 15, 1999, when Carol, by counsel, moved the court for a scheduling order, via telephone "for the purpose of setting up a trial date and discovery deadlines." The next document which appears of record is Carol's "Notice of Trial" which was duly served on Francis's counsel, stating that "a trial will be held before the Hon. David Cybulski at 9 AM MT, on June 9, 1999, at the Sheridan County Courthouse in Plentywood, Montana."

¶4.On May 7, 1999, Carol filed her motion to amend petition for dissolution of marriage, the purpose of which was to request the court to require Francis to pay spousal support. Her affidavit in support of her motion alleged that there would be a substantial difference in earnings of the parties post-divorce and in their respective retirement plans; that during the marriage Francis had encouraged her to terminate her employment so that she could be

a full time housewife; and that there would be a post-divorce difference in the parties' standard of living. Neither this affidavit nor Carol's brief in support of her motion offered any explanation as to why Carol first sought to amend her petition nearly 21 months after her retirement and within one month of the scheduled trial date.

¶5.Following the filing of her motion, Francis, by counsel, promptly objected, noting that Carol was attempting to inject an entirely new claim into the case on the eve of trial; that the case had already been pending for more than two years; and that there was nothing in the motion or accompanying documents to justify delaying the proceedings further. In an accompanying affidavit, Francis denied encouraging Carol to retire to be a full-time housewife; stated there was not a substantial difference between his and her earning capacity nor between their retirement plans, except that Carol was already enjoying retirement while he was still working; and, finally stated his belief that Carol's motion was simply a tactic to delay the pending trial.

¶6.By letter to the Clerk of the District Court, dated June 1, 1999, with a copy to Francis's counsel, Carol's attorney stated he did not want to change the trial date and saw no reason why, if Carol's motion was granted, Francis would need additional time to prepare for his case. Carol's attorney then stated that he did not object to the court ruling on her motion to amend at the same time it decided other issues in the divorce and that the case should proceed to trial on June 9, 1999, as scheduled.

¶7.By his own letter to the Clerk of the Court, dated June 2, 1999, copied to Carol's counsel, Francis's counsel pointed out that no discovery had been accomplished on the issue of spousal maintenance and that the matter should not proceed as scheduled if the petition allowed Carol's amendment because Francis was entitled to discovery and to formally respond to Carol's request for support.

¶8.The record indicates that on June 8, 1999, Judge Cybulski denied Carol's motion to amend "for the reason it was not timely, as example the deadline for briefing fell two days before the trial." The case was then heard by the court sitting without a jury on June 9, 1999, as scheduled. On June 18, 1999, the court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage.

¶9.Carol timely appealed.

## DISCUSSION

¶10.Carol argues that the District Court abused its discretion by refusing to grant her leave to amend her petition for dissolution of marriage to include a claim for spousal support. She states that Judge Cybulski's decision was without any justifying reason except that her motion was "untimely." She also complains that Judge Cybulski did not order a scheduling conference even though she had requested one and that the court's ruling goes against the policy of liberally permitting amendments to pleadings. Finally, she claims that her motion, made a month in advance of trial, was not untimely; that matters pertaining to her request for spousal support were similar to those that would be at issue in determining an equitable property distribution (which was to be heard at trial); and that, therefore, Francis would be in a position to defend.

¶11.Francis argues that the District Court did not abuse its discretion in denying Carol's motion to amend and that there were sound reasons to deny the amendment, including the fact that at no time from the filing of the petition on February 13, 1997, until May 5, 1999, did Carol seek to amend her petition; that Carol's notice of trial date on April 20, 1999, did not suggest that she was going to seek to amend; that her additional claim injected an issue not previously raised in the case or addressed by any discovery; and that it was Carol who requested the June 9, 1999 trial date in the first place.

¶12.We review a district court's denial of a party's motion for leave to amend the pleadings to determine whether the district court abused its discretion. *Peuse v. Malkuch* (1996), 275 Mont. 221, 226, 911 P.2d 1153, 1156 (citation omitted). While Rule 15(a), M.R.Civ.P., provides that a party may amend its pleadings by leave of court and leave shall be freely given when justice so requires, we have also stated that amendments to pleading are not appropriate when the party opposing the amendment would incur substantial prejudice as a result of the amendment. *Peuse*, 275 Mont. at 227, 911 P.2d at 1156 (*citing Kearns v. McIntyre Construction Co.* (1977), 173 Mont. 239, 248, 567 P.2d 433, 438. Moreover, we have held that a district court is within its discretionary authority to deny a motion to amend the pleadings if the motion causes undue delay, is made in bad faith, is based upon a dilatory motive on the part of the movant, or is futile. *Peuse*, 275 Mont. at 227, 911 P.2d at 1156-57 (*citing Lindey's v. Professional Consultants* (1990), 244 Mont. 238, 242, 797 P.2d 920, 923; *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222).

¶13.While Carol correctly cites *Hobble-Diamond Cattle v. Triangle Irr.* (1991), 249 Mont. 322, 815 P.2d 1153, for the proposition that Rule 15(a), M.R.Civ.P., is to be interpreted liberally, making the allowance of amendments the general rule and denials the exception,

nevertheless that does not mean that a court must automatically grant a motion to amend. For example, the general rule was followed in *Hobble-Diamond* because the plaintiffs discovered new evidence through discovery and immediately moved to amend its complaint based on the newly discovered evidence. *Hobble-Diamond*, 249 Mont. at 324-25, 815 P.2d at 1155-56.

¶14.In the instant case Carol's claim for spousal support was based on facts known to her at the time she opted for early retirement in August 1997. At that point she would have known of the alleged substantial difference in earnings between herself and Francis, and of the differences in their retirement plans. Moreover, she would have known at that time of any differences in their standard of living as a result of the divorce. There was no reason that we can determine from the record, or from Carol's motion and supporting documents, that would have precluded her from filing her motion for maintenance shortly after her retirement in August 1997, instead of waiting for 21 months, and on the eve of the trial date which she requested.

¶15.As pointed out by Francis, the issue of spousal maintenance had not been previously a part of the case. Francis had not had the opportunity to conduct discovery regarding relevant factors involved with the issue of spousal maintenance under § 40-4-203, MCA. Basically, Carol expected Francis to proceed to trial on this issue without adequate discovery or preparation--a posture that would have been patently unfair and prejudicial to Francis.

¶16.Here, with knowledge of the facts supporting her claim for spousal maintenance, Carol nevertheless delayed some 21 months, until the eve of trial, to file a motion to amend her petition. She offered no reason for her delay in filing her motion, nor did she do anything pretrial to bring her claim for maintenance to the attention of the court or opposing counsel.

¶17.In discussing our decision in *Peuse*, we stated the following in *First Sec. Bank v. Ranch Recovery, Ltd.*, 1999 MT 43, ¶ 26, 293 Mont. 363, ¶ 26, 976 P.2d 956, ¶ 26:

The analysis of whether justice requires leave to amend is essentially an equitable one, and the defendants in *Peuse* fell victim to the following maxim: *Vigilantibus non dormientibus aequitas subvenit*, or "equity aids the vigilant, not those who sleep on their rights."

¶18.We conclude that, on the facts here, Carol is the victim of the same maxim.

¶19.We hold that the District Court did not abuse its discretion in denying Carol's motion to amend her petition for dissolution.

¶20.Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART