No. 99-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 267

ROGER ALLISON,

Plaintiff and Appellant,

v..

TOWN OF CLYDE PARK and LOIS BAILEY,

ALICE SARRAZIN, MARY SARRAZIN,

GENNY ADAMS and TRACEY FREMONT,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Magdalena C. Bowen; Bowen & Parker, Bozeman, Montana

For Respondents:

Todd Hillier, Leanne M. Schraudner; Schraudner & Hillier, Bozeman, Montana

Submitted on Briefs: April 27, 2000
Decided: October 12, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Roger Allison (Allison) brought an action in the Sixth Judicial District Court, Park County, for employment discrimination. The defendants (the Town) moved for directed verdicts against Allison on the sex and age discrimination claims. The District Court granted the motion for the sex discrimination claim and denied the motion for the age discrimination claim. The jury returned verdicts against Allison on his disability and age discrimination claims. Allison now appeals several of the court's actions.

¶2 We affirm in part and reverse in part.

¶3 Allison raises the following issues on appeal:

¶4 1. In light of the evidence presented at trial, did the District Court err in declining to give the jury a "direct evidence" instruction?

¶5 2. Did the District Court err in precluding Allison from introducing evidence at trial in support of allegations that the Town violated the Governmental Code of Fair Practices?

¶6 3. Did the District Court err in directing a verdict on Allison's sex discrimination claim?

Factual and Procedural Background

¶7 Allison suffers from Chronic Obstructive Pulmonary Disease which requires that he use an oxygen tank at all times. In 1996, the Town advertised for a town clerk whose duties were to include such activities as attending meetings, making bank deposits, and getting mail. The advertisement mentioned no specific physical requirements. Allison applied for the position and interviewed with the town council. After the four members of the town council interviewed each of the three applicants, the council unanimously voted to hire Kris Denton.

¶8 Prior to the interviews, the council discussed the applicants' general qualifications. The

council specifically discussed Allison's health and his ability to perform the clerk's duties. When asked about his health during the interview, Allison assured the council that his health would not conflict with performance of the clerk's duties. Council members Mary Sarrazin and Tracey Fremont testified that after this assurance, the council did not consider Allison's health in its hiring decision. Council member Alice Sarrazin testified contradictorily both that her concern with Allison's health might have affected her hiring decision, and that Allison's age and disability played no role in her decision.

¶9 Allison brought this action against the Town of Clyde Park, council members, and the mayor alleging employment discrimination under the Human Rights Act (the Act). Five days before trial, Allison attempted to raise a new theory based on alleged violations of the Governmental Code of Fair Practices (GCFP). The Town moved that the court prohibit Allison from presenting the new theory at trial, arguing that the new theory would be prejudicial as it had no notice of and had prepared no defense to allegations of violations of the GCFP. The District Court granted the Town's motion and precluded Allison from raising the new theory of violations of the GCFP at trial. At the conclusion of Allison's case-in-chief, the District Court granted the Town's motion for a directed verdict on Allison's sex discrimination claim, but declined to direct a verdict on the age discrimination claim. After being instructed to decide whether the Town had proven a legitimate, non-discriminatory and non-pretextual reason for its decision not to hire Allison, the jury returned a verdict against Allison on both the age and the disability discrimination claims. Allison now appeals.

## Issue 1

¶10 In light of the evidence presented at trial, did the District Court err in declining to give the jury a "direct evidence" instruction?

## Standard of Review

¶11 It is within a district court's discretion to decide how to instruct the jury, taking into account the theories of contending parties. This Court will not overturn a district court for instructions given to a jury without an abuse of discretion. Hall v. Big Sky Lumber & Supply, Inc. (1993), 261 Mont. 328, 332, 863 P.2d 389, 392.

## Discussion

¶12 Allison argues that the District Court erred in refusing to instruct the jury regarding "direct evidence" of a discriminatory motive for the hiring decision. We conclude that the court appropriately declined to provide the jury with a "direct evidence" instruction.

¶13 An instruction based on the direct evidence standard provides that once the plaintiff establishes a prima facie case, the defendant may defend by proving by a preponderance of the evidence either: 1) that an unlawful motive played no role in the challenged action; or 2) that the direct evidence was not credible and was not worthy of belief. Reeves v. Dairy Queen, Inc., 1998 MT 13, ¶ 17, 287 Mont. 196, ¶ 17, 953 P.2d 703, ¶ 17. The District Court refused Allison's direct evidence instruction and instead instructed the jury that the Town could defend against the discrimination claims if it proved by a preponderance of the evidence that it had a legitimate, non-discriminatory reason for its hiring decision. In order to prevail under the District Court instruction Allison had to prove that the non-discriminatory reason for the hiring decision was merely a pretext.

¶14 As we have previously held, a jury instruction based on the direct evidence standard is appropriate only when "both parties agree on the employer's articulated reason . . . and the only contested issue is whether the employer's action is illegal . . . . " *Reeves*, ¶18. In the case at hand, the parties dispute the reason for the decision not to hire Allison. Allison contends that the Town failed to hire him because of his physical disability. The Town maintains the decision was made because Allison was not the most qualified applicant. Testimony presented at trial provided support for both contentions.

¶15 Allison testified that Alice Sarrazin, the mayor, and the former clerk told him that his health was a factor in the hiring decision. Mary Sarrazin and Tracey Fremont testified that Allison's health was not considered at all in the council's hiring decision. Thus the record clearly indicates the parties dispute the reason for the hiring decision. Because the parties disagree on the reason for the decision not to hire Allison, we hold that the District Court did not abuse its discretion in declining to provide the jury with an instruction based on the direct evidence standard.

¶16 Additionally, Allison raises a mixed motive theory for the first time on appeal. Allison urges this Court to recognize the "mixed motive" standard which applies when employment decisions are a product of both lawful and unlawful motives. This Court has very recently adopted the "mixed motive" analysis. Laudert v. Richland Co. Sheriff's Dept., 2000 MT 218, ___ Mont. ___, 7 P.3d 386. However, in that case, the mixed motive standard had been argued and applied in the administrative hearing. Rule 51, M.R.Civ.P.,

explicitly requires that "[n]o party may assign as error the failure to instruct on any point of law unless that party offers an instruction thereon." Allison attempts to assign error to the District Court when Allison neither advanced a mixed motive theory nor offered a mixed motive instruction in the trial court. Allison cannot now fault the District Court for his own failure to offer an instruction on that theory.

## Issue 2

¶17 Did the District Court err in precluding Allison from introducing evidence at trial in support of allegations that the Town violated the Governmental Code of Fair Practices?

## Standard of Review

¶18 We review a district court's discretionary rulings to determine whether the court abused its discretion. Eagle Ridge Ranch Ltd. v. Park County (1997), 283 Mont. 62, 938 P.2d 1342.

## Discussion

¶19 Allison filed a complaint in October, 1997, alleging that the Town violated the Act. On February 19, 1999, only five days before trial, Allison presented his pretrial order which included contentions that the Town had violated the GCFP. The Town moved the court to preclude presentation of evidence at trial in support of the new allegations of violations of the GCFP.

¶20 Rule 15(a), M.R.Civ.P., provides that a party may amend its pleadings by leave of court and that "leave shall be freely given when justice so requires." While we have held that Rule 15(a) is to be interpreted liberally so that the allowance of amendments is the general rule and denial the exception, this does not mean that a court must automatically grant a motion to amend. Stundal v. Stundal, 2000 MT 21, ¶ 13, 298 Mont. 141, ¶ 13, 995 P.2d 420, ¶ 13. We have also specifically held that amendments are not appropriate when the party opposing the amendment would incur substantial prejudice. Peuse v. Malkuch (1996), 275 Mont. 221, 227, 911 P.2d 1153, 1156 (citation omitted).

¶21 The District Court granted the Town's motion in limine to prohibit Allison from raising the newly alleged violations of the GCFP at trial. Allison contends the District Court erred because the legal obligations in the GCFP were not presented as a separate

claim. Allison claims that he did not intend to amend the pleadings to add a new claim, but rather intended the GCFP evidence as evidence of his claims under the Act. In support of his argument that he did not seek to amend his pleadings, Allison cites to a case in which the court allowed a party to amend the pleadings only two weeks before trial. The court in that case allowed the amendment after finding that both parties had already been arguing the newer theory for over a year, and the defendant would incur no prejudice. Montana Rail Link v. Byard (1993), 260 Mont. 331, 338, 860 P.2d 121, 125. In this case, however, the court noted that the Town had notice of Allison's new theory only five days before trial.

¶22 Characterizing the newly alleged violations of the GCFP as "evidence" does not alter the fact that Allison attempted to raise a new theory five days before trial. The court ruled that alleged violations of the GCFP and alleged violations of the Act are two distinct causes of action. The court did not abuse its discretion when it ruled that the Town would have been substantially prejudiced had the court allowed an amendment advancing a new cause of action only five days before trial.

## Issue 3

¶23 Did the District Court err in directing a verdict on Allison's sex discrimination claim?

## Standard of Review

¶24 The standard of review relating to conclusions of law is whether the district court's interpretation of law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

## Discussion

¶25 The District Court granted the Town's motion for directed verdict against Allison on the sex discrimination claim but allowed the jury to hear the age and disability discrimination claims. Allison argues that the same evidence that the court held warranted submission to the jury of the age discrimination claim also warranted submission of the sex discrimination claim. The Town essentially agrees that the evidence supporting both the sex and age discrimination claims was the same.

¶26 The Town contends that the District Court's decision to direct a verdict on the sex discrimination claim is supported by the fact that all but one of the jurors voted against

Allison on the age discrimination claim. However, the jury's final decision on the age discrimination claim is irrelevant. The issue is whether the jury should have been offered the opportunity to decide the sex discrimination claim.

¶27 As we have previously held, the courts should exercise the greatest self-restraint in interfering with the constitutionally mandated processes of jury decisions. Ryan v. City of Bozeman (1996), 279 Mont. 507, 510, 928 P.2d 228, 230 (citations omitted). Motions for directed verdict, therefore, are properly granted only when there is a "complete absence" of any evidence to warrant submission to the jury, such evidence and all inferences being considered in the light most favorable to the party opposing the motion. Durden v. Hydro Flame Corp., 1998 MT 47, ¶ 21, 288 Mont. 1, ¶ 21, 955 P.2d 160, ¶ 21.

¶28 At trial, Allison produced evidence that at least one of the council members had considered the fact that the other job applicants were "younger girls" in her hiring decision. Although the evidence presented in support of the sex discrimination claim may be minimal, the District Court should have submitted the sex discrimination claim to the jury, as it did the age discrimination claim. Because Allison presented some evidence of sex discrimination at trial, we hold that the District Court incorrectly granted a directed verdict on the sex discrimination claim. We reverse and remand for a trial on the sex discrimination claim.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.