

DA 13-0528

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 51N

GAIL STAFFORD,

        Plaintiff and Appellee,

  v.

CHARLES FOCKAERT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                      In and For the County of Butte-Silver Bow, Cause No. DV-12-302
                      Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Charles Fockaert, (self-represented), Lakeside, Montana

        For Appellee:

            Quentin M. Rhoades, Alison Garab, Sullivan, Tabaracci & Rhoades,
            P.C., Missoula, Montana

Submitted on Briefs:  February 5, 2014
Decided:  February 25, 2014

Filed:

_____
                      Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Fockaert (Fockaert) appeals from orders of the Second Judicial District Court, Silver Bow County, granting Gail Stafford's (Stafford) motion for judgment on the pleadings, denying Fockaert's motion for judgment on the pleadings, and denying Fockaert's motion for leave to amend his answer. We reverse.

## ISSUES

¶3 A restatement of the dispositive issues on appeal is:

¶4 *1. Did the District Court abuse its discretion in denying Fockaert's motion for leave to amend his answer?*

¶5 *2. Did the District Court err in granting Stafford's motion for judgment on the pleadings?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 This case arises from Stafford's complaint against Fockaert asserting claims for unjust enrichment, constructive trust, and fraud. Both parties agreed that Stafford transferred $100,000 to Fockaert's account with the Korea Exchange Bank in July 2010,

2

and that Fockaert later refused or failed to repay the $100,000. In his answer, Fockaert raised several affirmative defenses and argued that "no strings were attached to the funds" and "there was no time frame involved in the return of the funds." He also admitted the allegation set forth in paragraph 13 of the complaint, namely that: "On or about July 4, 2010, Stafford agreed to loan Fockaert $100,000.00."

¶7 On April 11, 2013, Stafford filed a motion for judgment on the pleadings. She alleged that Fockaert's answer included admissions that: (1) Stafford had agreed to loan Fockaert $100,000; (2) Stafford had transferred $100,000 to his account; (3) Stafford had requested that he return the funds in August 2010; and (4) Fockaert had refused or failed to return the funds. In April and May 2013, Fockaert filed three motions: a motion to extend the time to respond to Stafford's motion for judgment on the pleadings, a motion for leave to file an amended answer, and a cross motion for judgment on the pleadings.

¶8 After additional briefing, the District Court denied Fockaert's motion to amend his answer and entered an order granting Stafford's motion for judgment on the pleadings and denying Fockaert's cross motion. The court concluded that "[i]n light of Defendant's admissions that Plaintiff loaned him $100,000.00 and subsequently demanded repayment of such funds, Plaintiff is entitled to judgment as a matter of law that Defendant's failure to repay the loan constitutes unjust enrichment or establishes that Defendant held the funds in constructive trust for Plaintiff." The court also concluded that Stafford was entitled to interest at the rate of 10% a year from the date of the loan.

¶9 Fockaert timely appealed. Fockaert, a self-represented litigant, alleges there is a genuine issue of material fact as to whether the transfer of funds in fact constituted a loan. He maintains that Stafford herself referred to the extension of funds as an "investment." He also argues that even if he inadvertently admitted that it was a loan, it did not meet the legal definition of a loan. He further argues that the District Court abused its discretion in denying his motion to extend time to file a brief in opposition to Stafford's motion for judgment on the pleadings.

¶10 Stafford counters that there are no material facts in dispute because Fockaert admitted in his answer that Stafford loaned him $100,000. Stafford maintains she is entitled to judgment because Fockaert failed to file an answer brief opposing Stafford's motion for judgment on the pleadings and Fockaert clearly took advantage of her by retaining the funds. Stafford argues that the District Court did not abuse its discretion in denying Fockaert's motion to amend his answer because he acted in bad faith and Stafford would have suffered undue prejudice if Fockaert amended his answer.

## STANDARDS OF REVIEW

¶11 "We review a district court's denial of a party's motion for leave to amend the pleadings to determine whether the district court abused its discretion." *Stundal v. Stundal*, 2000 MT 21, ¶ 12, 298 Mont. 141, 995 P.2d 420 (citation omitted).

¶12 "Because a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law: whether they are correct." *Paulson*

4

*v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, 91 P.3d 569 (citation omitted).

## DISCUSSION

¶13    *1. Did the District Court abuse its discretion in denying Fockaert's motion for leave to amend his answer?*

¶14    As an initial matter, we note that Fockaert denied that the advance of money constituted a loan throughout his answer.  He denied the complaint's allegation that "[b]eginning some time in 2010, Fockaert began telling Stafford via email that if she loaned him money, he could put the funds to good use and multiply them."  Further, he maintained that his admission to the allegations set forth in paragraph 13 was an inadvertent mistake.  He also argued that Stafford never indicated that she expected the capital to be returned to her upon request and that he "came to believe the wired funds were an attempt by Stafford, despite Defendant's repeated warnings to prevent just such an expectation, to induce Defendant to fulfill expectations known only to Stafford."

¶15    M. R. Civ. P. 15(a) provides that a party may amend its pleadings by leave of court and leave shall be freely given when justice so requires.  *Stundal*, ¶ 12 (citations omitted).  "[A]mendments to pleading[s] are not appropriate when the party opposing the amendment would incur substantial prejudice as a result of the amendment."  *Stundal*, ¶ 12 (citations omitted).  "[W]e have held that a district court is within its discretionary authority to deny a motion to amend the pleadings if the motion causes undue delay, is

5

made in bad faith, is based upon a dilatory motive on the part of the movant, or is futile." *Stundal*, ¶ 12 (citations omitted).

¶16 The District Court noted that M. R. Civ. P. 15(a) provides for liberal amendments but denied the motion because it was untimely and had been filed only after Stafford sought judgment on the basis of the original answer. The court concluded that the motion was not made in good faith and "appear[ed] to be nothing more than a late attempt to avoid the consequences of Defendant's knowing admissions in his original answer." The record reflects, however, that Fockaert sought to amend his answer as soon as the mistaken admission was brought to his attention by Stafford's motion. *See Weaver v. State*, 2013 MT 247, ¶ 26, 371 Mont. 476, 310 P.3d 495 ("[A] judicial admission is 'not effective if it was subsequently modified or explained so as to show that the litigant was mistaken.'") (citation omitted).

¶17 The court determined Stafford would suffer undue prejudice if the motion were granted because she had relied on Fockaert's admission in her motion for judgment on the pleadings. We respectfully disagree. Under our recent decision in *Bates v. Anderson*, 2014 MT 7, ___ Mont. ___, ___ P.3d ___, we conclude Stafford would not be unduly prejudiced if Fockaert amended his answer only months after the original pleadings were filed. Though *Bates* dealt specifically with requests for admissions under M. R. Civ. P. 36, the same rationale applies here. Mere inconvenience does not constitute prejudice for the purposes of M. R. Civ. P. 15, and preparing a motion for judgment on the pleadings in reliance upon an erroneous admission does not constitute prejudice. *See Bates*, ¶ 22; *but*

6

*see Peuse v. Malkuch*, 275 Mont. 221, 228, 911 P.2d 1153, 1157 (1996) (The district court was within its discretion in finding prejudice when the nonmoving party had based his motion on the original pleadings that had remained unchanged for almost two years.). This issue is one of judicial discretion, and we conclude the District Court abused its discretion in denying Fockaert's motion to amend.

¶18   2. *Did the District Court err in granting Stafford's motion for judgment on the pleadings?*

¶19   When granting Stafford's motion for judgment on the pleadings, the District Court relied upon Fockaert's admission regarding paragraph 13.   Given our disposition of Issue 1, we conclude the District Court erred in granting Stafford's motion for judgment on the pleadings on the basis of this admission.

¶20   Because Issue 1 is dispositive, it is not necessary for this Court to reach Fockaert's arguments that a material issue of fact exists regarding whether he was damaged by Stafford's action and inaction, that the District Court erred when it determined that his pleadings did not contain any allegations regarding the prejudices he has suffered, and that the District Court erred in determining he did not raise the defense of failure to state a claim upon which relief can be granted until his motion for judgment on the pleadings. The District Court can address these arguments on remand.

¶21   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions.

¶22    For the forgoing reasons, we reverse the District Court's decision and remand for further proceedings.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE