No. 90-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE MONTANA POWER COMPANY,
a Montana Corporation,

Plaintiff and Respondent,

vs.

ROBERTA WAX, as Personal Representative
of the estate of THEODORE SOLOMON,
deceased, ROBERTA WAX, as Guardian of
ROSEABELLE DIX SOLOMON, also known as
ROSE SOLOMON, Incompetent; BARBARA
WALLACE; and CLAYTON E. DeVOE,

Defendants and Appellants.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        George C. DeVoe, Missoula, Montana

        For Respondent:

        William Evan Jones; Paul C. Meismer, Garlington,
        Lohn & Robinson, Missoula, Montana

Submitted on Briefs:   June 14, 1990

Decided:   August 6, 1990

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a condemnation proceeding in the Fourth Judicial District, Ravalli County. Following the order of condemnation of a powerline easement, a hearing was held in order to determine compensation due the appellant, Clayton E. DeVoe. The District Court awarded damages in the sum of $5,000.00. We affirm.

The sole issue on appeal is:

Whether the District Court erred in striking and limiting certain witness testimony presented by the appellant.

The respondent, Montana Power Company (MPC) sought to construct a three wire electrical transmission line from a substation in Missoula, Montana to a substation at Hamilton Heights in Ravalli County, Montana. This proposed powerline was to run immediately adjacent to an existing powerline which ran along the same route. In order to construct the powerline, MPC needed to obtain an easement through private property. Suit was brought to acquire the necessary easement. The District Court issued findings of fact and the Preliminary Condemnation Order, establishing the necessity for the taking.

The appellant, Clayton E. DeVoe (DeVoe), filed an answer seeking compensation in excess of $56,000.00. MPC submitted an Offer of Entry of Judgment in the sum of $5,000.00. The parties failed to reach an agreement concerning fair compensation due Mr. DeVoe and consequently a non-jury trial was set.

Before trial MPC submitted interrogatories seeking information concerning the witnesses that DeVoe was planning to call. These

interrogatories requested information concerning identification of all expert witnesses expected to be called, the substance of their testimony and a summary of the grounds for their opinion.

The interrogatories were answered. At trial DeVoe called five witnesses on his behalf, including himself, Helen Hudson Rude, a local realtor, and Wayne Stephens a local landowner who had experience as a real estate developer, owner and supervisor of appraisers.

As stated above, Ms. Rude is a local realtor who has lived in the Missoula area for a substantial number of years. She testified that she had considerable experience conducting market analysis of properties for prospective purchasers, as well as some appraising experience. For purposes of this trial, she did not prepare any type of appraisal showing a before-taking and after-taking evaluation of DeVoe's property, however. When she attempted to testify concerning just compensation, MPC objected, and argued that DeVoe failed to provide foundational information on grounds which would support her opinion. The objection was sustained and Ms. Rude's testimony on this issue was stricken from the record.

After Ms. Rude testified, Wayne Stephens was called. Mr. Stephens was personally acquainted with the property due to the fact that he once considered making an offer on separate parcels of the land for residential development. When Mr. Stephens attempted to offer testimony concerning value of the land, MPC once again objected on the grounds that a proper foundation was not laid in the interrogatories concerning his ability to testify on value

3

and just compensation. This objection was also sustained.

Following trial, the District Court concluded that DeVoe was entitled to just compensation in the amount of $5,000.00, plus interest. This appeal followed.

DeVoe maintains that the District Court erred in striking Ms. Rude's testimony and in disallowing the testimony of Mr. Stephens. According to DeVoe, both of these witnesses were familiar with the subject property and therefore were entitled to render opinions concerning the market value of the property, as either lay or expert witnesses. DeVoe's argument is not valid when applied to the facts now before us.

MPC's objection to the testimony of Stephens and Rude was primarily premised on the fact that DeVoe did not provide any foundational information in the interrogatories which would provide the basis of their opinions. The trial court sustained this objection. In making this ruling the District Court did not abuse its discretion and the answers provided by DeVoe read as follows:

> INTERROGATORY NO. 1: Identify each expert from who defendant or anyone acting on defendant's behalf has requested any advice, opinion, study, or report regarding the subject property since a time beginning 3 years prior to the filing of the complaint herein and continuing up to the present time including, but not limited to, surveyors, appraisers, real estate people, bankers or other lenders, developers, government officials, and experts whom defendant expects to call as witnesses at trial.
>
> ANSWER NO. 1: In addition to himself:
>
> * * *
>
> 2) Helen M. Hudson, of Stevensville, Montana, a real estate broker in the area who lived adjacent to the subject property and is familiar with the sale of

4

comparable properties in the area.

3) Wayne Stephens, of Missoula, Montana, formerly the director of planning support for the Department of Interior, Bureau of Indian Affairs; Superintendent of the Standing Rock Indian Reservation in South Dakota, and a real estate purchaser for his own account, who has purchased, developed, and sold a number of similar properties.

* * *

INTERROGATORY NO. 2: For each person identified in Interrogatory No. 1, state the nature and subject matter of the advice, opinion, study, or report requested, including whether the person was retained or specially employed in anticipation of litigation or preparation for trial and state the date of the request.

* * *

2) Helen M. Hudson will render opinions as to the highest and best use of the subject property, the value of the property and the diminution of value of the properties not actually taken by eminent domain.

3) Wayne Stephens will render opinions on the same subjects as Helen M. Hudson.

* * *

INTERROGATORY NO. 3: Name each person identified in the answer to Interrogatory No. 1 whom the defendant expects to call as an expert witness at trial, and "state the subject matter on which the expert is expected to testify, and * * * the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Rule 26(b)(4)(A). For expert appraisers, state the conclusions of value, methods of appraisal used, and include a complete description of improvements, type of property, zoning at the time of sale, description of metes and bounds, and street address. Note: Each person not named in the answer to this Interrogatory who was named in the answer to Interrogatory No. 1 will be considered as an expert who is not expected to be called as a witness at trial.

ANSWER NO. 3: All of the experts and persons named in answer to interrogatory No. 1 are expected to testify at trial. Their general subject will be as stated in the forgoing answers. The substance of the anticipated

5

testimony is that the highest and best use of the property affected was rural residential tracts, that the value of the property actually taken was approximately $1,000.00 per acre and that the diminution in value of the affected property not actually taken was at least one-half of the value of the property prior to construction of the subject power line.

As is evident from these interrogatories, MPC sought information concerning the identity of witnesses and the basis for their opinions, which would be rendered at trial. The basis for the opinions was not set forth in the answers supplied by DeVoe. From the answers given there is no indication of how these witnesses arrived at their conclusion that DeVoe suffered a diminution in the value of his property as a result of the power line. MPC maintains in its brief, and we agree, that this failure severely limited its ability to cross-examine DeVoe's witnesses.

Normally, the determination regarding the ability of a witness to testify is in the sound discretion of the trial court. State Highway Comm'n v. Bennett (1973), 162 Mont. 386, 513 P.2d 5. Its determination will not be disturbed on appeal unless the appellant shows an abuse of discretion. State v. Smith (1986), 220 Mont. 364, 715 P.2d 1301. This policy is especially applicable in cases of this kind, where it may be necessary to prevent the abuse of surprise on the part of the proponent and to prevent the opponent from lying in wait to object at time of trial.

DeVoe has not come forth with any facts which make such a showing of abuse. The answers to the interrogatories clearly do not reveal any basis for the witnesses' valuation of just compensation. Nor do they offer any insight into how these

witnesses would arrive at before-taking and after-taking valuation of the properties. The trial court could therefore exclude the testimony without abusing its discretion. The ruling of the District Court is therefore affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7