No. 02-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 58

KRISTINE HAWKINS,

        Plaintiff and Appellant,

    v.

RANDOLPH T. HARNEY, D.V.M.;
MINOTT E. PRUYN, D.V.M. and PRUYN
VETERINARY HOSPITAL, a general partnership,

        Defendants and Respondents.


APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DV-96-83180,
                    The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        William A. Douglas, Douglas Law Firm, P.C., Libby, Montana

        For Respondents:

        Geoffrey R. Keller, Shane P. McGovern, Matovich & Keller, P.C., Billings,
        Montana


                        Submitted on Briefs:  December 19, 2002

                                Decided:  March 27, 2003

Filed:


                        _____
                                   Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Kristine Hawkins filed a complaint against Respondents Dr. Randolph T. Harney, Dr. Minott E. Pruyn, and Pruyn Veterinary Hospital in the Fourth Judicial District Court, Missoula County. Hawkins' complaint alleged that the Respondents breached their implied contracts as veterinarians by failing to provide competent veterinary services. Hawkins' complaint further alleged that the Respondents had been negligent in treating her dog Laddie. Finally, the complaint alleged that the Respondents' treatment of Laddie caused Hawkins to suffer emotional distress. The District Court determined that Hawkins failed to comply with Rule 26, M.R.Civ.P., and dismissed the case. Hawkins appeals. We affirm in part and reverse in part the judgment of the District Court.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court abuse its discretion when it found that Hawkins failed to comply with Rule 26, M.R.Civ.P.?

¶4 2. Were the sanctions imposed by the District Court proper?

¶5 3. Did the District Court abuse its discretion when it denied Hawkins' motion to compel discovery?

¶6 4. Did the District Court abuse its discretion when it denied Hawkins' motion for leave to file a second amended complaint?

¶7 5. Did the District Court abuse its discretion when it failed to reverse its judgment for costs against Hawkins?

2

## BACKGROUND

¶8 Kristine Hawkins owned a Shetland sheepdog named Laddie. On June 10, 1993, Laddie was struck by a motor vehicle. Hawkins promptly transported Laddie to Pruyn Veterinary Hospital in Missoula, Montana, for treatment. During his stay at Pruyn Veterinary Hospital, Laddie was treated by Dr. Randolph T. Harney and Dr. Minott E. Pruyn. However, after Dr. Pruyn discovered that Laddie had a broken vertebra, he recommended that Hawkins transport Laddie to Washington State University's School of Veterinary Medicine in Pullman, Washington, for surgery. Hawkins followed Dr. Pruyn's advice, and veterinarians at Washington State University performed surgery on Laddie's spine on June 12, 1993.

¶9 The injuries to Laddie's spine left him partially paralyzed for the remainder of his life. On June 10, 1996, Hawkins filed a complaint against Dr. Harney, Dr. Pruyn, and Pruyn Veterinary Hospital (the Respondents). Hawkins also filed her complaint against Washington State University and two of its veterinarians, however the District Court later dismissed these additional defendants from the case. Hawkins' complaint alleged that the Respondents breached their implied contracts as veterinarians by failing to provide competent veterinary services. The complaint further alleged that the Respondents were negligent in treating Laddie. Finally, the complaint alleged that the Respondents' treatment of Laddie caused Hawkins to suffer emotional distress.

¶10 On November 20, 1998, Hawkins filed an amended complaint, requesting exemplary and punitive damages. On May 16, 2001, Hawkins filed a motion to compel discovery, in

3

which she asserted that the Respondents neglected to properly respond to her discovery requests. On July 3, 2001, the Respondents filed a motion for summary judgment, alleging that Hawkins had failed to obtain an expert witness to support her claims. The District Court conducted a hearing on the Respondents' summary judgment motion on September 18, 2001. On September 27, 2001, the District Court: (1) denied Hawkins' motion to compel discovery because it found that the additional discovery materials requested by Hawkins were either irrelevant or confidential; and (2) denied the Respondents' motion for summary judgment because it found the motion premature.

¶11    On December 7, 2001, Hawkins filed a motion for leave to file a second amended complaint. Hawkins' second amended complaint sought to add an additional claim for fraud. The District Court denied Hawkins' motion on January 15, 2002, because it determined that the statute of limitations on her fraud claim had expired. On January 15, 2002, the Respondents filed a motion, requesting that the District Court: (1) compel Hawkins to answer their interrogatory regarding her expert witness; and (2) impose sanctions on Hawkins for failing to answer their interrogatory. On March 12, 2002, the District Court issued an order, concluding that Hawkins failed to comply with Rule 37(d), M.R.Civ.P., when she neglected to answer the Respondents' interrogatory. The District Court then sanctioned Hawkins by barring the testimony of her expert witness and dismissing the case.

¶12    On May 20, 2002, Hawkins filed a motion to alter or amend the District Court's order. On July 18, 2002, the District Court issued a second order, stating that it had incorrectly applied Rule 37(d), M.R.Civ.P., to the instant case. That is, the District Court found that

4

because Hawkins had in fact answered the Respondents' interrogatory, Rule 37(d), M.R.Civ.P, was inapplicable. However, the District Court also noted that Hawkins' interrogatory answer was deficient. Therefore, the District Court concluded that dismissal of the case was merited, as Hawkins' deficient answer failed to comply with Rule 26, M.R.Civ.P. Accordingly, the District Court denied Hawkins' motion to alter or amend its March 12, 2002, order. Hawkins appealed the District Court's orders on July 30, 2002.

¶13 On December 5, 2002, the Respondents filed a motion to strike the reply brief which Hawkins submitted in support of her appeal before this Court. The Respondents' motion asserted that Hawkins' reply brief contained factual material that was not a part of the record in this case. As such, the Respondents requested that Hawkins' reply brief be stricken from the record in its entirety. In response, Hawkins filed a cross-motion on December 16, 2002. Hawkins' cross-motion requested that this Court strike several misstatements of fact which appeared in the Respondents' brief.

¶14 It is well stated that "parties on appeal are bound by the record and may not add additional matters in briefs or appendices." *Janow v. Conoco Pipe Line Co.*, 2000 MT 242, ¶ 14, 301 Mont. 402, ¶ 14, 10 P.3d 79, ¶ 14 (citations omitted). We note that although Hawkins' reply brief contains factual material that is not a part of the record in this case, the brief also contains factual material that *is* a part of the record. Additionally, Hawkins' reply brief contains a legal argument. Therefore, this Court declines to strike Hawkins' reply brief in its entirety. As such, we strike only that portion of Hawkins' reply brief which contains factual material that is not a part of the record in this case. *See Janow*, ¶¶ 13-14. With

5

regard to Hawkins' cross-motion, we decline to strike the alleged factual misstatements that appear in the Respondents' brief. That is, these alleged misstatements are segments of the Respondents' legal argument, not new facts which do not appear in the record. Accordingly, Hawkins' cross-motion to strike a portion of the Respondents' brief is denied.

## STANDARD OF REVIEW

¶15    This Opinion addresses multiple issues, and as such, the appropriate standard of review for each issue will be set forth immediately preceding discussion of that issue.

## DISCUSSION

## ISSUE 1

¶16    Did the District Court abuse its discretion when it found that Hawkins failed to comply with Rule 26, M.R.Civ.P.?

¶17    Our standard of review concerning a district court's ruling on a discovery matter is whether the district court abused its discretion. *McKamey v. State* (1994), 268 Mont. 137, 145, 885 P.2d 515, 520.

¶18    Hawkins contends that the District Court erred when it found that her supplemental answer to the Respondents' interrogatory was deficient, and therefore, failed to comply with Rule 26(e), M.R.Civ.P., or Rule 26(b)(4)(A)(i), M.R.Civ.P. The interrogatory at issue in this case is interrogatory number fourteen, which the Respondents initially submitted to Hawkins on August 2, 1999. Interrogatory number fourteen provided, in pertinent part:

> Please state the name, telephone number and present address of each person
> you expect to call as an expert on your behalf at trial in this action. With
> respect to each expert, please set forth the following information:

6

(a) The qualifications of each such expert witness, showing his age, formal education, a chronological history of the occupations or jobs he has held, publications he has authored, and if he has previously been a witness, the date, name of the jurisdiction and name of the action in which he was last a witness;

(b) State in detail, the subject matter on which each such expert is expected to testify;

(c) State in detail, the substance of the facts and opinions to which each such expert is expected to testify;

(d) State in detail a summary of the grounds for each opinion by each expert[.]

¶19 Hawkins answered interrogatory number fourteen with the following phrase: "Not determined at this point." The Respondents were not satisfied with Hawkins' answer, and requested that she provide a supplemental answer to interrogatory number fourteen. Hawkins failed to provide a supplemental answer. The District Court then issued a joint scheduling order on November 5, 2001, which required that Hawkins furnish information regarding her expert witnesses to the Respondents no later than December 31, 2001.

¶20 On December 28, 2001, Hawkins provided the name and address of a veterinarian in Oklahoma that she intended to use as an expert witness. The Respondents, dissatisfied with the brevity of this information, filed a motion to compel discovery on January 15, 2002. The Respondents also requested that the District Court sanction Hawkins for her failure to comply with their discovery request. On January 23, 2002, Hawkins submitted a supplemental answer to interrogatory number fourteen, which consisted of approximately one page of text. The District Court determined that Hawkins' supplemental answer was deficient, and failed to comply with Rule 26(e), M.R.Civ.P., or Rule 26(b)(4)(A)(i),

7

M.R.Civ.P.  The District Court then sanctioned Hawkins by barring the testimony of her expert witness and dismissing the case.

¶21    Rule 26(b)(4)(A)(i), M.R.Civ.P., addresses expert witnesses.  Rule 26(b)(4)(A)(i), M.R.Civ.P, provides:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

The underlying policies of Rule 26, M.R.Civ.P., are to eliminate surprise and to promote effective cross-examination of expert witnesses.  *Smith v. Butte-Silver Bow County* (1996), 276 Mont. 329, 333, 916 P.2d 91, 93.

¶22    We examined Rule 26(b)(4)(A)(i), M.R.Civ.P., in *Scott v. E. I. Dupont De Nemours & Co.* (1989), 240 Mont. 282, 783 P.2d 938.  In *Scott*, the plaintiff asserted that the defendant failed to adequately answer discovery requests regarding its expert witness.  *Scott*, 240 Mont. at 286, 783 P.2d at 941.  The answers provided by the defendant were very brief.  This Court analyzed the defendant's answers and noted that "[w]hile the answers were not as complete as they should have been, [the expert] was not a surprise witness."  *Scott*, 240 Mont. at 286, 783 P.2d at 941.  We further noted that while "we do not condone defendant's failure to provide full and complete answers to interrogatories," refusing to allow the expert to testify "would have been an extreme sanction, given that the defendant's offense was incompleteness in its answers to interrogatories, not failure to answer."  *Scott*, 240 Mont. at

8

287, 783 P.2d at 941. Therefore, we held that the District Court did not err in permitting the expert witness to testify at trial. *Scott*, 240 Mont. at 287, 783 P.2d at 941.

¶23 This Court examined a situation similar to the one in *Scott* in *Montana Power Co. v. Wax* (1990), 244 Mont. 108, 796 P.2d 565. In *Wax*, the plaintiff alleged that the defendant failed to properly answer its interrogatories. Specifically, the plaintiff contended that the defendant failed to provide the basis for the opinions of two of its expert witnesses. *Wax*, 244 Mont. at 110, 796 P.2d at 566. This Court analyzed the defendant's answers and determined that while the defendant provided information about the identities of his expert witnesses, the "basis for [their] opinions was not set forth in the answers supplied by [the defendant]." *Wax*, 244 Mont. at 112, 796 P.2d at 567. We further determined that the defendant's failure to properly answers the plaintiff's interrogatories "severely limited [the plaintiff's] ability to cross-examine [the defendant's] witnesses." *Wax*, 244 Mont. at 112, 796 P.2d at 567. As such, we concluded that the District Court did not abuse its discretion when it excluded the testimony of the defendant's expert witnesses. *Wax*, 244 Mont. at 112, 796 P.2d at 567.

¶24 While the facts from *Scott* and *Wax* were similar, this Court reached opposite results when the answers to the interrogatories were examined in light of their compliance with the underlying policies of Rule 26, M.R.Civ.P. Accordingly, we take our cue from *Scott* and *Wax*, and analyze Hawkins' answers to the Respondents' interrogatories in light of the underlying policies of Rule 26, M.R.Civ.P.

9

¶25 In the instant case, Hawkins' supplemental answer to the Respondents' discovery request listed one expert, Dr. John Collins. Hawkins' answer identified Dr. Collins by listing his address, age, schooling, and past employment. Hawkins' supplemental answer further stated that the subject matter of Dr. Collins' testimony would be the manner in which the veterinary medical case was handled. Hawkins' supplemental answer also included approximately twenty lines of text that identified the substance of the facts and opinions to which Dr. Collins was expected to testify. Finally, Hawkins' supplemental answer addressed the grounds for Dr. Collins' opinions with the following phrase: "standard veterinary teaching and practice."

¶26 As we noted above, the underlying policies of Rule 26, M.R.Civ.P., are to eliminate surprise and to promote effective cross-examination of expert witnesses. *Smith*, 276 Mont. at 333, 916 P.2d at 93. While this Court does not condone the brevity of Hawkins' supplemental answer, we conclude that her answer provided the Respondents with a sufficient indication of the substance of Dr. Collins' testimony so as to eliminate the possibility of surprise and promote effective cross-examination. That is, Hawkins' supplemental answer eliminated the possibility that Dr. Collins would be a surprise witness, and it provided sufficient information regarding Dr. Collins to allow the Respondents to prepare for cross-examination.

¶27 We further note that while we do not condone Hawkins' tardiness in answering the Respondents' interrogatories, such tardiness did not prejudice the Respondents. At the time the Respondents received Hawkins' supplemental answer, this case had yet to be scheduled

for trial. Consequently, the Respondents would have had adequate time to prepare their cross-examination of Dr. Collins. *See Scott*, 240 Mont. at 287, 783 P.2d at 941 (stating that the elapse of time lessens the importance of inadequate answers to discovery requests). Additionally, the Respondents could have elected to depose Dr. Collins at some point prior to trial in order to elicit further information regarding his anticipated testimony. Therefore, we hold that Hawkins' supplemental answer to the Respondents' interrogatory was sufficient to meet the policies underlying Rule 26, M.R.Civ.P., and, as such, we further hold that the District Court abused its discretion when it determined that Hawkins did not provide an adequate response.

## ISSUE 2

¶28 Were the sanctions imposed by the District Court proper?

¶29 This Court generally defers to the decision of a trial court regarding sanctions for failure to comply with discovery procedures because the trial court is in the best position to assess whether parties are disregarding the rights of opposing parties in the course of litigation and to determine which sanctions for such conduct are most appropriate. *Patterson v. State Dept. of Justice*, 2002 MT 97, ¶ 8, 309 Mont. 381, ¶ 8, 46 P.3d 642, ¶ 8. As a result, we review a district court's imposition of sanctions for failure to comply with discovery procedures to determine whether the court abused its discretion. *Patterson*, ¶ 8.

¶30 As we noted above, the District Court sanctioned Hawkins for her failure to comply with Rule 26, M.R.Civ.P., by barring the testimony of her expert witness, and dismissing the case. However, in light of our above conclusion that Hawkins' supplemental answer was

11

adequate, we conclude that the District Court abused its discretion when it sanctioned Hawkins and dismissed her case.

## ISSUE 3

¶31 Did the District Court abuse its discretion when it denied Hawkins' motion to compel discovery?

¶32 As we noted above, we review a district court's ruling on a discovery matter to determine whether the district court abused its discretion. *McKamey*, 268 Mont. at 145, 885 P.2d at 520.

¶33 Hawkins filed a motion to compel discovery on May 16, 2001, in which she asserted that the Respondents failed to properly respond to several of her interrogatories, requests for production, and requests for admission. The District Court determined that the additional information requested by Hawkins was either irrelevant or confidential, and denied Hawkins' motion on September 27, 2001.

¶34 On appeal, Hawkins alleges that the Respondents were required to answer her additional discovery requests. However, Hawkins fails to support her allegations with *relevant* authority. That is, while Hawkins devotes over seven pages to this issue in her opening brief, she fails to cite any authority that is factually relevant to the instant case. This portion of Hawkins' opening brief is also devoid of citations to the record. Rule 23(a)(4), M.R.App.P., requires that an appellant provide an argument which contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." We have repeatedly held that

12

we "will not consider unsupported issues or arguments." *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. Moreover, it is "not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal." *In re B. P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41.

¶35 A district court's decision is presumed to be correct. *Matter of M. J. W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. It is the appellant who bears the burden of establishing that the court erred. *M. J. W.*, ¶ 18. Hawkins has not met her burden with regard to this issue, and, accordingly, we decline to address the District Court's denial of Hawkins' motion to compel discovery.

## ISSUE 4

¶36 Did the District Court abuse its discretion when it denied Hawkins' motion for leave to file a second amended complaint?

¶37 We review a district court's decision regarding a motion to amend a complaint for abuse of discretion. *Lindey's v. Professional Consultants* (1990), 244 Mont. 238, 242, 797 P.2d 920, 923.

¶38 Hawkins contends that the District Court abused its discretion when it denied her motion for leave to file a second amended complaint. The second amended complaint which Hawkins sought to file contained an additional claim for fraud.

¶39 Rule 15(a), M.R.Civ.P., addresses amendments to pleadings. Rule 15(a), M.R.Civ.P., provides, in pertinent part, that: "A party may amend the party's pleading once as a matter of course . . . Otherwise a party may amend the party's pleading only by leave of court or

13

by written consent of the adverse party; and leave shall be freely given when justice so requires." However, while Rule 15(a), M.R.Civ.P., dictates that leave to amend shall be freely granted, this Court has previously held that leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief. *Hobble-Diamond Cattle v. Triangle Irr.* (1991), 249 Mont. 322, 325, 815 P.2d 1153, 1155. We further held that although the merits of a proposed amended claim are generally not to be considered by the court, the merits of a claim *are* to be considered if the claim is frivolous, meritless, or futile. *Hobble-Diamond*, 249 Mont. at 326, 815 P.2d at 1156.

¶40　In the instant case, the District Court considered the merits of Hawkins' second amended complaint and found that the statute of limitations on Hawkins' fraud claim had expired. Therefore, the District Court concluded that Hawkins' second amended complaint was futile. As a preliminary matter, we note that although Hawkins sought to file her second amended complaint on December 7, 2001, it is the date that Hawkins filed her original complaint which is germane to our analysis of this issue. That is, Rule 15(c), M.R.Civ.P., provides that: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Accordingly, we will analyze Hawkins' fraud claim with regard to the date she filed her original complaint.

¶41　Section 27-2-203, MCA (1991), addresses actions for relief on grounds of fraud. Section 27-2-203, MCA (1991), provides that:

14

The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

¶42 Additionally, § 27-2-102, MCA (1991), provides, in pertinent part, that:

(3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if:

(a) the facts constituting the claim are by their nature concealed or self-concealing; or

(b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

¶43 This Court has interpreted the above two statutes to conclude that: "The statute of limitations for an action based on fraud begins when the fraud occurs unless the facts which form the basis for the allegation are, by their nature, concealed." *Cartwright v. Equitable Life Assur.* (1996), 276 Mont. 1, 14, 914 P.2d 976, 985. Here, Hawkins alleges that the Respondents were fraudulent in their treatment of Laddie in June of 1993. Hawkins presents no evidence to indicate that the facts which formed the basis for her fraud claim were concealed. As such, the two-year statute of limitations on Hawkins' fraud claim began to run in June of 1993. Hawkins filed her original complaint against the Respondents on June 10, 1996. Accordingly, Hawkins' fraud claim was barred by the statute of limitations in § 27-2-203, MCA (1991). Therefore, because Hawkins' fraud claim was futile, the District

15

Court did not abuse it discretion when it denied Hawkins' motion for leave to file a second amended complaint.

## ISSUE 5

¶44   Did the District Court abuse its discretion when it failed to reverse its judgment for costs against Hawkins?

¶45   We review a district court's award of costs to determine whether the district court abused its discretion. *Mularoni v. Bing*, 2001 MT 215, ¶ 22, 306 Mont. 405, ¶ 22, 34 P.3d 497, ¶ 22.

¶46   The District Court determined that the Respondents were entitled to recover $822 in costs from Hawkins. However, the Respondents later conceded that because they failed to file a timely Bill of Costs, they were not entitled to recover their costs from Hawkins. In light of the Respondents' concession, Hawkins asserts that the District Court abused its discretion when it failed to reverse its judgment for costs. We agree. Accordingly, we reverse the District Court's judgment for costs.

¶47   For the foregoing reasons, the judgment of the District Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

16

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE