CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶21 I join the Court’s opinion affirming the District Court on Issues One and Two. King clearly failed to establish error by the District Court with regard to the Simmonses being parties to future matters involving the conservatorship of King’s children and with regard to requiring their consent for stipulations for disbursement of settlement monies to the children.
¶22 I respectfully dissent from the Court’s opinion on Issue Three, relating to the special needs trusts. I do so for the same reasons as I join the Court’s opinion on the earlier issues: King has not established error. In other words, I dissent for the reasons stated so candidly by the Court. I would affirm the District Court on this issue as well.
¶23 I, too, am concerned about the well being and protection of these children. However, as the Court properly notes, Kang did not present evidence or clearly defined argument in the trial court supporting the need or basis for establishing special needs trusts. I also agree with the Court that she does not do so on appeal and, indeed, does not advance a single authority in her opening brief under which the District Court erred in not establishing such trusts in the present case. I disagree *281 with the Court that only “normally” would we grant relief to an appellant who fails to support her or his argument in either the trial court or at this Court. Our cases are legion that we do not even consider arguments not supported by authority as required by Rule 23(a)(4), M.R.App.P. See, e.g., Wiard v. Liberty Northwest Ins. Corp., 2003 MT 295, ¶ 30, 318 Mont. 132, ¶ 30, 79 P.3d 281, ¶ 30; In re Marriage of Gerhart, 2003 MT 292, ¶ 24, 318 Mont. 94, ¶ 24, 78 P.3d 1219, ¶ 24; In re Marriage of Clark, 2003 MT 168, ¶ 25, 316 Mont. 327, ¶ 25, 71 P.3d 1228, ¶ 25; Hawkins v. Harney, 2003 MT 58, ¶ 34, 314 Mont. 384, ¶ 34, 66 P.3d 305, ¶ 34. To reverse a District Court on a record-and briefing-such as that before us here is, in my view, insupportable.
¶24 The appellant bears the burden of establishing error. See, e.g., Hawkins, ¶ 35; In re Marriage of McMahon, 2002 MT 198, ¶ 7, 311 Mont. 175, ¶ 7, 53 P3d 1266, ¶ 7; Matter of M.J.W., 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. The Court admits that Kong has not satisfied her burden here. Our concern for the children notwithstanding, it is our duty to apply the law, not to simply-and without any legal justification-reverse a district court under circumstances such as these.
¶25 The Court sets an unwise and dangerous precedent here. It signals that it will reverse trial courts, without any legal basis whatsoever, when it has “concerns.” How it will decide when to exercise such extraordinary discretion in future cases remains to be seen. I cannot agree with turning Montana’s legal system on its head in such a fashion.
¶26 I would affirm the District Court on all three issues. I dissent from the Court’s refusal to do so.
JUSTICE WARNER joins in the foregoing concurring and dissenting opinion of CHIEF JUSTICE GRAY.