FILED

December 21 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0251

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 275

JAMES and CHRISTINE GORDON,

Petitioners and Appellees,

v.

FILED

DEC 2 1 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

JOSEPH KIM KUZARA, individually and
as representative of R Three, Inc.; R THREE INC.;
JOSEPH R. KUZARA and DAVID KUZARA,

Respondents and Appellants.

APPEAL FROM:     District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DV 09-42
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

W. Scott Green; Patten, Peterman, Bekkedahl & Green, PLLC;
Billings, Montana

For Appellee:

Roberta Anner-Hughes; Anner-Hughes Law Firm; Billings, Montana

Submitted on Briefs:  October 13, 2010

Decided:  December 21, 2010

Filed:

_____
Clerk

W. William Leaphart delivered the Opinion of the Court.

¶1 The Gordons filed an Application for Dissolution of Half Breed, a Limited Liability Company (LLC), with the District Court pursuant to § 35-8-902, MCA. Joseph Kim Kuzara (Kuzara), a managing member of Half Breed, filed a Motion to Compel Arbitration based on an arbitration clause in the Half Breed Operating Agreement (OA). The District Court denied Kuzara's motion. Kuzara appeals.

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Section XII of Half Breed's OA contains the arbitration clause:

Before an action may be brought by any member of the company challenging this agreement, any activity conducted pursuant to this agreement, or any interpretation of the terms of this agreement . . . one meeting of company members shall thereafter be held for the purpose of resolving a challenge.

. . .

[I]f a challenge cannot be resolved in such a meeting by a vote of a majority of actual member ownership interests, then the issue shall be submitted to a group of three arbitrators

. . .

Arbitration of a challenge brought under this agreement shall be binding upon the parties hereto . . . .

The Gordons' Application for Judicial Dissolution cited several grounds for dissolution, including (paraphrased):

1. The cattle purchased by Half Breed have not been transferred to the company.
2. Gordons have not received credit for their $ 26,000 capital contribution to Half Breed.
3. Kuzara has failed to provide documentation and information to the Gordons' bookkeeper for tax preparation purposes.
4. Kuzara failed to report income on his 2006 tax return, but rather reported unauthorized transfers of equity.

5. Kuzara has failed to pay the Gordons a share of the proceeds from cattle sales or profits.

6. Kuzara has refused to amend tax returns and refuses to file any tax returns for tax year 2008.

7. Kuzara's acts and omissions have caused irreparable damage to the company and, if allowed to proceed, will become even more damaging to the company and its members.

¶4 The District Court recognized that the question of whether an Application for Judicial Dissolution must be arbitrated is an issue of first impression in Montana and thus referenced a similar case decided by the Georgia Supreme Court, *Georgia Rehab. Ctr., Inc. v. Newman Hosp.*, 658 S.E.2d 737 (Ga. 2008). In *Georgia Rehab. Ctr.*, the Georgia Supreme Court found an arbitration clause within an OA inapplicable in the event of a petition for judicial dissolution. The District Court here recognized that the Gordons seek judicial dissolution, which is a statutorily created remedy that only District Courts are authorized to grant. The District Court further concluded that because the requested dissolution does not challenge any action pursuant to the OA, the arbitration clause does not apply. Kuzara appeals the District Court's denial of his motion to compel arbitration.

## STANDARD OF REVIEW

¶5 We review a district court's order regarding a motion to compel arbitration de novo. *State ex rel. Bullock v. Philip Morris, Inc.*, 2009 MT 261, ¶ 14, 352 Mont. 30, 217 P.3d 475 (citing *Martz v. Beneficial Montana*, 2006 MT 94, ¶ 10, 332 Mont. 93, 135 P.3d 790).

## DISCUSSION

¶6 It is fundamental to our analysis to point out that this contract does not concern "interstate commerce" and thus policy arguments favoring arbitration, typical of cases

3

involving the Federal Arbitration Act, are not persuasive here. Additionally, neither party has argued the validity of the contract as a whole or the validity of the arbitration clause.[1] The only issue before us is the application of the OA arbitration clause to judicial dissolution. This is a matter of first impression in Montana.

¶7 We have consistently held that arbitration agreements between two parties are valid and enforceable. *Burkhart v. Semitool, Inc.*, 2000 MT 201, ¶ 15, 300 Mont. 480, 5 P.3d 1031 (citing § 27-5-114, MCA). The threshold inquiry is whether the parties agreed to arbitrate. *Kortum-Managhan v. Herbergers NBGL*, 2009 MT 79, ¶ 15, 349 Mont. 475, 204 P.3d 693 (citing *Zigrang v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 282, ¶ 8, 329 Mont. 239, 123 P.3d 237). Because arbitration is a matter of contract, a party cannot be required to submit to arbitration any dispute that he has not agreed to submit. *Hubner v. Cutthroat Communs., Inc.*, 2003 MT 333, ¶ 21, 318 Mont. 421, 80 P.3d 1256. Thus, the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. *Philip Morris*, ¶ 15. The District Court properly identified that the pertinent question in this case is whether the parties have agreed to arbitrate in the event of an Application for Judicial Dissolution.

¶8 The scope of the arbitration clause in the OA is explicit. The only actions subject to arbitration are those (1) challenging the agreement, (2) based on activity conducted pursuant to the agreement, or (3) challenging an interpretation of the agreement. The OA does not contain any provision addressing judicial dissolution. Thus, we cannot conclude

---

[1] In *Martz*, ¶ 17, we stated that "the United States Supreme Court made clear that arbitration, not court, is the proper forum for challenges to contracts as a whole where those contracts contain arbitration provisions."

4

that the parties ever agreed to arbitrate in the event of, or in lieu of, judicial dissolution pursuant to § 35-8-902, MCA.

¶9 Kuzara argues that the Gordons' Application for Dissolution contains allegations of Kuzara's conduct and thus dissolution is sought based on activity conducted pursuant to the agreement. Kuzara mischaracterizes the dissolution application. The Gordons' Application for Dissolution plainly requests statutory dissolution pursuant to § 35-8-902, MCA. Section 35-8-902, MCA, explains that a district court may order the dissolution of an LLC in the event that the activities described in § 35-8-902(a)-(e), MCA, have occurred and dissolution is warranted. The Gordons' Application for Judicial Dissolution invokes subsections (a), (b), and (e), which state that judicial dissolution may be ordered upon demonstration that:

> (a) the economic purposes of the company is likely to be unreasonably frustrated;
> (b) another member has engaged in conduct relating to the company's business that makes it not reasonably practicable to carry on the company's business with that member remaining as a member;
>
> . . .
>
> (e) the members or managers in control of the company have acted, are acting, or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the petitioner.

¶10 Kuzara misinterprets the purpose of the factual allegations in the Gordons' Application for Dissolution. The Gordons are not bringing a cause of action based on Kuzara's conduct pursuant to the OA. Rather, the Gordons merely cite examples of conduct that they claim make Half Breed no longer economically feasible. These allegations are for the purpose of establishing that dissolution is appropriate under § 38-5-902, MCA. The mere fact that the conduct warranting dissolution consists of Kuzara's

5

activities or that a court may look to the OA for guidance in determining whether the activities alleged amount to a substantial frustration for the LLC, does not mean that the Gordons are seeking anything other than judicial dissolution pursuant to § 38-5-902, MCA.

¶11 Kuzara argues that the Gordons are attempting to exclude him rather than dissolve the LLC. This argument is also misplaced. Upon a showing that "one or more of the members or managers have engaged in wrongful conduct or upon other cause shown," the district court may wind up the LLC. Section 35-8-903(1)(b), MCA. In winding up the business or affairs of the LLC, a district court may:

> (b) settle and close the business of the limited liability company;
> (c) dispose of and transfer the property of the limited liability company;
> (d) discharge the liabilities of the limited liability company; and
> (e) distribute to the members any remaining assets of the limited liability company.

Section 35-8-903(2)(b)-(e), MCA. Kuzara is a managing member of Half Breed. The Gordons' Application for Dissolution includes the request that the District Court appoint someone other than Kuzara to wind up affairs and that the District Court consider Kuzara responsible for any fees or penalties assessed due to his harmful actions. Given that the District Court has the authority to discharge liabilities and distribute remaining assets, the relief that the Gordons request is clearly within the statutory boundaries of § 35-8-903, MCA.

¶12 As the District Court noted, the Georgia Supreme Court has addressed this issue in *Georgia Rehab. Ctr.*, 658 S.E.2d at 738. In *Georgia Rehab. Ctr.*, the OA between Georgia Rehabilitation Center and Newman Hospital provided that:

6

> [A]ny dispute, controversy, or claim arising out of or in connection with, or relating to, this Operating Agreement or any breach or alleged breach thereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration.

*Id.* The parties requested judicial dissolution pursuant to Ga. Code Ann. § 14-11-603.

The Georgia Supreme Court reasoned:

> With respect to the issue of dissolution, the Operating Agreement provides that dissolution of CRS pursuant to the agreement occurs "only upon ... [(1)] Dissolution Notice from a Member pursuant to [certain terms of the Operating Agreement] ... [(2)] the unanimous written agreement of all Members ... or [(3)] the bankruptcy or dissolution (a 'Withdrawal Event') of a Member." It is undisputed that none of these aforementioned events formed the basis for the dissolution of CRS in this case. Rather, the dissolution proceedings were commenced by Newman pursuant to OCGA § 14-11-603, which provides an independent legal mechanism for judicial and administrative dissolution of a limited liability company.

*Id.* The court concluded that because dissolution was sought pursuant to statute, the dissolution did not arise out of or relate to the terms of the OA. *Id.* In reaching that conclusion, the Georgia Supreme Court also addressed the primary argument raised by Kuzara. The court explained:

> [E]ven though, in conducting a dissolution pursuant to OCGA § 14-11-603, the statute requires the court to look to the substantive terms of the Operating Agreement to see if the LLC can still function effectively, this *statutory* requirement does not change the fact that dissolution proceedings are an exclusive outgrowth of that statute rather than the Operating Agreement . . . .

*Id.* at n 1. Other state courts have decided that good policy requires that an Application for Judicial Dissolution be resolved by a district court even where an arbitration clause

7

exists. *See River Links at Deer Creek, LLC v. Joseph Melz*, 108 S.W. 3d 855, 861 (Tenn. App. 2002).[2]

¶13    Because the Gordons sought judicial dissolution pursuant to § 35-8-902, MCA, and because the Half Breed OA makes no reference to judicial dissolution, we conclude that the District Court properly denied Kuzara's Motion to Compel Arbitration.

¶14    We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

---

[2] A Tennessee court of appeals held that, "where only a few of the issues between the parties are subject to arbitration, a comprehensive resolution of the dispute cannot be obtained through an arbitration proceeding." *Id.* Additionally, the court reasoned:

> An arbitrator dealing with the complex facts of this case would have no guidance on the proper interpretation of the Limited Liability Company Act, and would have to expend a great deal of time and energy to reach a well-considered conclusion, but his ultimate decision would have no precedential value.

*Id.*