DA 12-0116

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 206

JAMES and CHRISTINE GORDON,

      Petitioners and Appellees,

    v.

JOSEPH KIM KUZARA, individually and
as representative of R Three, Inc.; R
THREE INC.; JOSEPH R. KUZARA and
DAVID M. KUZARA,

      Respondents and Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourteenth Judicial District,<br>In and For the County of Musselshell, Cause No. DV-09-42<br>Honorable Randal I. Spaulding, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

            W. Scott Green; Patten, Peterman, Bekkedahl & Green, PLLC,
            Billings, Montana

      For Appellees:

            Roberta Anner-Hughes; Anner-Hughes Law Firm, Billings, Montana

                Submitted on Briefs:  August 15, 2012

                          Decided:  September 18, 2012

Filed:

                      _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Joseph Kim Kuzara, Joseph R. Kuzara, David Kuzara and R Three, Inc., appeal from the District Court's order denying their motion for leave to file an amended answer and the order granting James and Christine Gordon's motion for summary judgment and ordering dissolution of Half Breed Land and Livestock, LLC.  We affirm.

¶2      Kuzaras and R Three present the following issues for review:

¶3      Issue One:  Whether the District Court properly granted summary judgment, ordering judicial dissolution of the LLC.

¶4      Issue Two:  Whether the District Court properly denied Kuzaras' and R Three's motion to amend their answer.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5      In June 2006 the parties entered an operating agreement (OA) for a Montana limited liability company called Half Breed Land and Livestock, LLC.  The ownership interests in the LLC were James and Christina Gordon, 50%; R Three, Inc., 25%; Joseph R. Kuzara 12.5%; and David Kuzara 12.5%.  Joseph R. and David are sons of Kim Kuzara, and R Three is a Kuzara family enterprise.  The managing member of the LLC is Kim Kuzara.  Each of the members committed to contribute to the LLC either cash or other items of value such as the use of land.

¶6      A purpose of the LLC was to raise and sell cattle.  The initial herd consisted of cattle formerly owned jointly by Kim Kuzara and David Stacy.  Kim Kuzara on behalf of R Three bought out Stacy's interest in the animals, and R Three contributed one-half

2

interest in the herd to the LLC. For part of their contribution to the LLC, the Gordons contributed $26,000 in cash, representing the other half interest in the Kuzara-Stacy herd. The LLC also acquired an interest in real property, and the mortgage payments were satisfied by the members in accord with their proportionate share of the enterprise.

¶7 After a period of time, problems arose in the Gordon-Kuzara relationship. The following factual recital is based upon the District Court's statement of uncontested facts in its order granting summary judgment. The initial cattle were branded with a tuning fork brand formerly owned by Kim Kuzara and Stacy. In October 2006, Kuzara transferred the brand to his company R Three, and there are no records of the sale of the Kuzara-Stacy cattle. The District Court found that Kuzara as the managing member failed to call bi-annual meetings of the LLC as required by the OA; Kuzara failed to keep an accurate and current accounting of the LLC's business; and Kuzara failed to produce receipts for most of the charges he paid from the LLC account. Kuzara also charged personal expenses to the LLC account.

¶8 The Gordons became aware that there were irregularities with the LLC and called a members' meeting in July 2008. Following the meeting the Gordons personally and then through an attorney demanded an audit of the LLC books, but Kuzara resisted providing the information. Based upon the accounting information that Kuzara eventually provided, an audit by a CPA showed that the Kuzara-Stacy cattle had never been transferred to the LLC. The cattle bore the brand registered to R Three and there was no bill of sale for the cattle from Stacy or Kuzara to the LLC. The Gordons filed suit seeking a judicial dissolution of the LLC.

3

¶9 The Gordons learned during discovery that Kuzara claimed a $79,000 debt owed to him by the LLC based upon work he and his wife claimed to have done for the LLC at the rate of $20 per hour. The claimed debt also included rental charges for R Three equipment, gasoline costs, telephone, heating and electrical, as well as vet bills, feed, fencing and more. Kuzara failed to produce receipts for these charges, except for hay. Kuzara also allowed others to graze their cattle on LLC land, and fed those animals all without remuneration to the LLC.

¶10 Kuzara withheld information about the LLC checking account. Information that the Gordons obtained indicated that on many occasions Kuzara would deposit checks (in varying amounts from $3,000 to over $10,000) into the LLC account and then immediately write a check from the LLC to his corporation R Three in exactly the same amount. On another occasion a $2,000 check from the LLC to R Three caused an overdraft in the LLC's account. Kuzara sold calves for the LLC in an amount over $10,000 without the authorization of the other LLC members, in violation of the OA.

¶11 Based upon this record, the Gordons moved for summary judgment in their dissolution action. The District Court found that Kuzara had failed to demonstrate a genuine issue of material fact. Rather, Kuzara attacked the Gordons' motives for seeking dissolution by contending that they had realized lower tax benefits from the LLC than they anticipated. Kuzara also contended that dissolution was not warranted because the Gordons failed to pay all of their initial contribution to the LLC. The District Court found that this was not a breach of the OA and that, like the tax benefits accusation, even if true, did not warrant denial of the request for dissolution.

4

¶12 The District Court concluded that Kim Kuzara's actions had unreasonably frustrated the operation of the LLC; that it was not possible to carry on the LLC with R Three as a member; that Kuzara had failed to comply with his obligations as the manager of the LLC; and that Kuzara was not entitled to be paid by the hour for the time he devoted to LLC work as a matter of Montana law. In summary, the District Court found that Kuzara had never operated the LLC in conformity with the OA and had acted in a "manner that is unduly prejudicial" to the Gordons. The District Court ordered judicial dissolution and appointment of a receiver. Kuzaras and R Three appeal.

## STANDARD OF REVIEW

¶13 This Court reviews a district court's rulings on summary judgment de novo, using the same criteria as the district court under M. R. Civ. P. 56. *Krajacich v. Great Falls Clinic*, 2012 MT 82, ¶ 8, 364 Mont. 455, 276 P.3d 922. Summary judgment may be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Town & Country Foods v. City of Bozeman*, 2009 MT 72, ¶ 12, 349 Mont. 453, 203 P.3d 1283. Material facts involve the elements of the cause of action or the elements of defenses to an extent that requires resolution by a trier of fact. *Corporate Air v. Edwards Jet Center*, 2008 MT 283, ¶ 24, 345 Mont. 336, 190 P.3d 1111. The party moving for summary judgment bears the initial burden of establishing the absence of genuine issues of material fact and entitlement to judgment as a matter of law. If so, the burden shifts to the opposing party to establish that genuine issues of material fact exist. *Corporate Air*, ¶ 24. The district court's determination as to whether a party is entitled to judgment on the facts is a conclusion of

5

law that this Court reviews to determine whether it is correct. *Hughes v. Lynch*, 2007 MT 177, ¶ 8, 338 Mont. 214, 164 P.3d 913.

¶14 This Court reviews a district court's decision on a motion to amend pleadings for an abuse of discretion. *Peuse v.Malkuch*, 275 Mont. 221, 226, 911 P.2d 1153, 1156 (1996).

## DISCUSSION

¶15 Issue One: Whether the District Court properly granted summary judgment, ordering judicial dissolution of the LLC.

¶16 The limited liability company (LLC) is a relatively new form of business organization, provided for in the Montana Limited Liability Company Act, Title 35, Ch. 8, MCA. There is little case law in the area. *White v. Longley*, 2010 MT 254, ¶ 34, 358 Mont. 268, 244 P.3d 753.

¶17 An LLC must dissolve and its affairs must be wound up upon entry of a decree of judicial dissolution, § 35-8-901(1)(e), MCA. A district court may, upon application by a member, order dissolution of an LLC when:

> (a) the economic purpose of the company is likely to be unreasonably frustrated;
> (b) another member has engaged in conduct relating to the company's business that makes it not reasonably practicable to carry on the company's business with that member remaining as a member;
> (c) it is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement;
> (d) the company failed to purchase the petitioner's distributional interest as required by 35-8-805; or
> (e) the members or managers in control of the company have acted, are acting, or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the petitioner.

6

Section 35-8-902(1), MCA. The District Court concluded that dissolution was warranted under the statute because the economic purpose of the LLC had been unreasonably frustrated by the acts and omissions of Kim Kuzara and R Three (subsection (a)); that the same conduct makes it not reasonably practicable to carry on the business with R Three remaining a member (subsection (b)); that the LLC had not been run in conformity with the OA (subsection (c)); and that R Three and Kim Kuzara acted in a manner unduly prejudicial to the Gordons (subsection e)).

¶18 Kuzaras' primary contention on appeal is that there were genuine issues of material fact that precluded summary judgment for the Gordons. Upon review of the Kuzaras' arguments it is clear that most of them relate to facts that are not material, or to disputes that are not genuine. The Kuzaras cannot rely on semantic quibbling and cannot point to immaterial issues to raise an issue of fact to preclude summary judgment. *Corporate Air*, ¶ 24. In summary judgment, material facts are identified by looking at the substantive law governing a claim. *McGinnis v. Hand*, 1999 MT 9, ¶ 6, 293 Mont. 72, 972 P.2d 1126; *Sherrard v. Prewett*, 2001 MT 228, ¶ 16, 306 Mont. 511, 36 P.3d 378. In the present case, the essential elements of the Gordons' claim arise from § 35-8-902(1), MCA, and the District Court could order dissolution of the LLC if any one of the five grounds provided in the statute were satisfied.

¶19 The Gordons correctly argue on appeal that even if there may arguably be genuine issues as to some facts, there are no genuine issues as to multiple material facts upon which the District Court could order dissolution of the LLC. The provisions of § 35-8-

902(1), MCA, are stated in the disjunctive, and a finding that any one of the grounds for dissolution has been met is sufficient to uphold a judicial order of dissolution. For example, Kuzaras do not contest the accuracy of the District Court's statement of fact that Kim Kuzara deposited multiple checks (the proceeds of calf sales) into the LLC account, only to then write checks in the identical amounts to his family corporation R Three. Kuzara does not contest that this was done without the Gordons' knowledge or consent. Kuzaras do not contest the accuracy of the District Court's statement of fact that Kim Kuzara without authority wrote a check for $2,000 on the LLC account to R Three, causing an overdraft. Kuzaras do not contest that Kim Kuzara was charging his own time at $20 per hour to the LLC despite the fact that Montana law specifically provides that a member is not entitled to remuneration for services performed for an LLC, except when winding up the business of the company. Section 35-8-504(4), MCA.

¶20 These few uncontested acts alone were sufficient for the District Court to conclude that dissolution of the LLC was warranted under §§ 35-8-902(1)(a), (b), and (e), MCA. The reasonable conclusion was that R Three, as a member of the LLC, was being disproportionately enriched and was girding itself to make future claims against the LLC through the acts and omissions of Kim Kuzara. This was all to the detriment of the cattle business of the LLC and to the detriment of the Gordons, who held a 50% interest in the enterprise.

¶21 There were substantial undisputed facts to support the District Court's order for dissolution under § 35-8-902(1), MCA, and the District Court properly applied the statute.

8

¶22    Issue Two:   Whether the District Court properly denied Kuzaras' and R Three's motion to amend their answer.

¶23    While the Gordons' petition for dissolution of the LLC was pending, Kuzaras moved under M. R. Civ. P. 15(a) for leave to file an amended answer.  They proposed to add tort counterclaims against the Gordons, claiming breach of the OA, breach of a duty of loyalty, and negligent interference with a business relationship.  The District Court recognized that while leave to amend is usually "freely given," leave should be denied if the amendment is legally insufficient to support the requested relief, *Hawkins v. Harney*, 2003 MT 58, ¶ 39, 314 Mont. 384, 66 P.3d 305, or if the amendment would be frivolous, meritless or futile, *Hobble-Diamond Cattle v. Triangle Irr.*, 249 Mont. 322, 326, 815 P.2d 1153, 1155-1156 (1991).

¶24    The District Court held that the OA required the parties to undertake a prescribed course of dispute resolution ending in binding arbitration to settle disputes that arise out of activities conducted under the OA.  The required steps include notice of the dispute, a meeting to discuss the dispute followed by a vote of the members, and the submission to arbitration.   The District Court further determined that allowing the proposed counterclaims "at this late date" would likely result in additional claims, protracted discovery, and additional delay, all to the Gordons' prejudice and detriment.

¶25    Kuzaras contend that the Gordons waived the arbitration requirement under the OA by successfully resisting Kuzaras' request to compel arbitration of the petition for judicial dissolution.  When the Gordons filed their petition for judicial dissolution of the LLC under § 35-8-902, MCA, Kuzaras moved to compel arbitration under the arbitration

9

clause of the OA. The District Court denied the motion; Kuzaras appealed to this Court; and we affirmed. *Gordon v. Kuzara*, 2010 MT 275, 358 Mont. 432, 245 P.3d 37. This Court's opinion in that case makes it clear that neither party attacked the validity of the arbitration clause in the OA, but rather they disagreed about whether the arbitration clause applied to a petition for judicial dissolution of the LLC. *Gordon*, ¶¶ 6-7. This Court held, in part, that since dissolution under § 35-8-902, MCA, is a remedy available only from the District Court, the parties could not have agreed to submit such an issue to arbitration. *Gordon*, ¶¶ 12-13.

¶26 A party may waive a contractual right to arbitration, but the party asserting waiver must show that the other party knew about the right to arbitrate, acted inconsistently with the right to arbitrate, and thereby prejudiced the party asserting waiver. *Holm-Sutherland Co. v. Town of Shelby*, 1999 MT 150, ¶ 20, 295 Mont. 65, 982 P.2d 1053. Kuzaras have not demonstrated any acts by the Gordons evidencing waiver except for those involved in the prior dispute over arbitration of the petition for judicial dissolution. As we held in the prior case, however, the validity of the arbitration clause of the OA was not at issue in that case, only its scope.

¶27 Therefore, Kuzaras' proposal to add the counterclaims to their answer would have been legally insufficient and futile because they were required to arbitrate such claims under the OA. We affirm the District Court's determination that Kuzaras' counterclaims in the proposed amended answer were subject to the arbitration clause of the OA and that leave to amend was properly denied.

¶28    Affirmed.


                                    /S/ MIKE McGRATH


We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS