FILED

02/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0351

DA 16-0351

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 21N

AMTRUST REO I, LLC,

        Plaintiff and Appellee,

    v.

ARLAN WIGGINS, MICHELLE M. WIGGINS,
JOHN DOE; JANE DOE; and all occupants of the
premises located at 28302 Cougar Trail,
fka 95 Cougar Trail, Bigfork, MT 59911,

        Defendants,

    And

ARLAN WIGGINS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DV-14-30
                   Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Michael Klinkhammer; Klinkhammer Law Office; Kalispell, Montana

        For Appellee:

                Erika Rae Peterman; RCO Legal, P.S.; Missoula, Montana

Submitted on Briefs:  January 11, 2017

Decided:  February 7, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion to the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Arlan K. Wiggins appeals an order by the Twentieth Judicial District Court, Lake County, granting summary judgment to Amtrust REO I, LLC (Amtrust) on its eviction action against Wiggins for refusing to vacate property Amtrust purchased at a Trustee's Sale. We address whether the District Court erred in granting summary judgment to Amtrust and whether Wiggins waived his arguments not raised at the District Court. We affirm.

¶3 On July 10, 2007, Wiggins received a loan from Fairway Independent Mortgage Group (Fairway) for property currently known as 28302 Cougar Trail, Bigfork, MT, 59911. Wiggins later filed for bankruptcy, and on November 7, 2011, the U.S. Bankruptcy Court for the District of Montana approved a Stipulation and Agreement that allowed Residential Credit Solutions, Inc. (RCS) to foreclose and liquidate the property upon default. Wiggins failed to make payments as agreed, and RCS instituted non-judicial foreclosure proceedings that culminated in a Trustee's Sale of the property to RCS on September 5, 2013. On September 9, 2013, the Trustee's Deed was placed in the name of Amtrust. On February 10, 2014, Amtrust filed two Complaints for Eviction

3

(causes DV-14-30 and DV-14-31) against Wiggins pursuant to § 71-1-319, MCA, allowing it to take possession of the property purchased on the tenth day following the Trustee's Sale. After consolidating causes DV-14-30 and DV-14-31, the District Court granted Amtrust's Motion for Summary Judgment, noting that Wiggins did not bring forth any genuine issues of material fact.

¶4 We review a district court's summary judgment order de novo. *Gordon v. Kuzara*, 2012 MT 206, ¶ 13, 366 Mont. 243, 286 P.3d 895. Summary judgment is appropriate where there is no genuine issue of material fact, and where the movant is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)3; *Bellanger v. American Music Co.*, 2004 MT 392, ¶ 9, 325 Mont. 221, 104 P.3d 1075.

¶5 Wiggins argues that Amtrust improperly filed an Unknown Defendant's Complaint in cause DV-14-30 and that Amtrust improperly filed DV-14-31 as a separate complaint rather than amending DV-14-30. Wiggins also argues that Amtrust failed to serve the complaints on him, and that Amtrust's complaints should have been filed as counterclaims in an earlier proceeding. Amtrust contends that Wiggins' arguments should not be considered because he raises them for the first time on appeal. We agree.

¶6 It is well established that this Court will not review issues presented for the first time on appeal. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 37, 321 Mont. 364, 91 P.3d 569. We therefore decline to address Wiggins' procedural arguments which he has raised for the first time. Before the District Court, Wiggins essentially attempted to relitigate issues raised in the foreclosure action. We recently affirmed the District

4

Court's grant of summary judgment in that matter. *Wiggins v. Residential Credit Solutions*, 2016 MT 312N, ¶ 2, No. DA 16-0191, 2016 Mont. LEXIS 1001. As the District Court correctly noted in the present case, Wiggins "fail[ed] to bring forward any issues of fact that pertain to the present case [that] have not already been decided by the [District] Court." The District Court did not err in granting summary judgment.

¶7  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact were not clearly erroneous and its interpretation and application of the law was correct. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR